Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304
Telephone: (650) 384-4700
Facsimile: (650) 384-4701
Email: fbernstein@kenyon.com

Attorneys for Defendant
*Pintrips, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PINTEREST, INC., a Delaware corporation,

Plaintiff,

v.

PINTRIPS, INC., a Delaware corporation,

Defendant.

Case No. 3:13-cv-4608-RS

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Hearing Date: February 13, 2014
Time: 1:30 p.m.
Courtroom: 3, 17th Floor
Judge: Hon. Richard Seeborg

## TABLE OF CONTENTS

Page

**INTRODUCTION ........ 2**

**STATEMENT OF FACTS ........ 3**

**ARGUMENT ........ 4**

I. PLAINTIFF'S TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION CLAIMS UNDER THE LANHAM ACT SHOULD BE DISMISSED BECAUSE IT DOES NOT OWN "PIN." ........ 5

A. Plaintiff Cannot State Claims Based on Use of Pin ........ 6

B. Plaintiff's Complaint Should be Dismissed With Prejudice Because Leave to Amend Would be Futile ........ 11

II. PLAINTIFF FAILS TO STATE CLAIMS FOR VIOLATIONS OF STATE LAW ........ 11

A. Because Plaintiff Cannot Own the Generic Term Pin, Its State Claims Must Also Be Dismissed ........ 11

B. In Any Event, Even If Plaintiff's State Law Claims Survive Scrutiny, The Court Should Decline to Accept Supplemental Jurisdiction ........ 12

**CONCLUSION ........ 13**

## TABLE OF AUTHORITIES

**CASES** **Page**

*A.J. Canfield Co. v. Honickman*, 808 F.2d 291 (3d Cir. 1986)....................7, 8

*Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941 (N.D. Cal. 2003)....................11

*Allen v. United Fin. Mortgage Corp.*, 660 F. Supp. 2d 1089 (N.D. Cal. 2009)....................4, 8

*Am. Online Inc. v. AT&T Corp.*, 64 F. Supp. 2d 549 (E.D. Va. 1999) *aff'd in part, vacated in part*, 243 F.3d 812 (4th Cir. 2001) ....................6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................4

*Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696 (9th Cir. 1988)....................4

*Brookfield Commc'ns, Inc. v. West Coast Ent. Corp.*, 174 F.3d 1036 (9th Cir. 1999)....................10

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)....................11

*CES Publ'g Corp. v. St. Regis Publ'ns, Inc.*, 531 F.2d 11 (2d Cir. 1975)....................5

*CG Roxane LLC v. Fiji Water Co.*, 569 F. Supp. 2d 1019 (N.D. Cal. 2008)....................11

*Chem. v. New York Life Ins. Co.*, 168 F.3d 498 (9th Cir. 1999)....................10

*Comedy III Prods., Inc. v. New Line Cinema*, 200 F.3d 593 (9th Cir. 2000)....................5

*Cont'l Airlines, Inc. v. United Air Lines, Inc.*, 53 U.S.P.Q.2d 1385 (TTAB 1999)....................6

*Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143 (9th Cir. 1999)....................6

*Finger Furniture Co., Inc. v. Mattress Firm, Inc.*, 2005 WL 1606934 (S.D. Tex. 2005)....................5

*Holomaxx Techs. v. Microsoft Corp.*, 783 F. Supp. 2d 1097 (N.D. Cal. 2011)....................4

*In re All Terrain Vehicle Litig.*, 771 F. Supp. 1057 (C.D. Cal. 1991)....................10

*In re Bose Corp.*,
546 F.2d 893 (C.C.P.A. 1976) .......... 8

*In re Manco Inc.*,
24 U.S.P.Q.2d 1938 (TTAB 1992) .......... 8

*In re Remington Products*,
3 U.S.P.Q.2d 1714 (TTAB 1987) .......... 8

*In re Tilcon Warren, Inc.*,
221 U.S.P.Q. 86 (TTAB 1984) .......... 8

*In re Volvo Cars of N. Am. Inc.*,
46 U.S.P.Q.2d 1455 (TTAB 1998) .......... 8

*Intel Corp. v. Advanced Micro Devices, Inc.*,
756 F. Supp. (N.D. Cal. 1991) .......... 6

*Intri-Plex Tech., Inc. v. Crest Group, Inc.*,
499 F.3d 1048 (9th Cir. 2007).......... 4

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005).......... 4

*Leadsinger, Inc. v. BMG Music Publ'g*,
512 F.3d 522 (9th Cir. 2008).......... 10

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988).......... 4

*Miller Brewing Co. v. Falstaff Brewing Corp.*,
655 F.2d 5 (1st Cir. 1981) .......... 5, 7

*Miller Brewing Co. v. G. Heileman Brewing Co.*,
561 F.2d 75 (7th Cir. 1977).......... 5, 8

*Parks Sch. of Bus. v. Symington*,
51 F.3d 1480 (9th Cir. 1995).......... 3

*Parra v. PacifiCare of Ariz., Inc.*,
715 F.3d 1146 (9th Cir. 2013).......... 11

*Perini Corp. v. Perini Constr.*,
915 F.2d 121 (4th Cir. 1990).......... 5

*Reed v. Amoco Oil Co.*,
611 F. Supp. 9 (M.D. Tenn. 1984) .......... 8

*Sara Lee Corp. v. Kayser-Roth Corp.*,
81 F.3d 455 (4th Cir. 1996).......... 5

*Stulbarg Int'l Sales Co. v. Brush & Co.*,
240 F.3d 832 (9th Cir. 2001).......... 6

*Talking Rain Beverage Co. v. S. Beach Beverage Co.*,

349 F.3d 601 (9th Cir. 2003)...................... 11

*Thompson Tank & Mfg. Co., Inc. v. Thompson*, 693 F.2d 991 (9th Cir. 1982)...................... 11

*Toho Co., Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788 (9th Cir. 1981)...................... 4

*Transphase Sys., Inc. v. S. Calif. Edison Co.*, 839 F. Supp. 711 (C.D. Cal. 1993)...................... 4

*Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992)...................... 4, 6

*United States v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011)...................... 4

**Statutes**

California Business and Professions Code § 14247...................... 1, 10, 11

California Business and Professions Code § 17200...................... 1, 10

**Other Authorities**

2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 12:47 (4th ed. 2013) ...................... 6

**Rules**

Fed. R. Civ. P. 12(b)(6)...................... 1-4

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL THE PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that, on February 13, 2014, at 1:30 p.m. or as soon thereafter as this matter may be heard before the Honorable Richard Seeborg, United States District Judge, in the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, California, 94012, Defendant Pintrips, Inc. ("Pintrips") will and hereby does move this Court for an order dismissing Plaintiff Pinterest, Inc.'s ("Plaintiff") Complaint (Dkt. No. 1).

This motion is made on the grounds that: (1) the term "pin" is not protectable, nor does Plaintiff own the generic term and therefore Plaintiff cannot state a claim for trademark infringement, unfair competition, and trademark dilution under the Lanham Act; and (2) Plaintiff fails to state a claim under California Business & Professions Code § 17200 *et seq.* and § 14247 because it fails to state a claim under the Lanham Act as described above.

This motion is based on this notice of motion, the supporting Memorandum of Points and Authorities, and the declaration of Scott Tolchinsky filed herewith; as well as the pleadings and other files and records in this action, and upon such other written or oral arguments as may be presented to the court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Frustrated by its failure to secure a U.S. trademark registration for the term "pin," and knowing that it cannot assert trademark rights for the term "pin," Plaintiff has resorted to suing Pintrips, Inc. ("Pintrips"), a hard-working start up, on specious claims. Pintrips is not a social media platform. It is an online travel planning tool that allows users to review and monitor information for commercial flights. With Pintrips, users may easily compare route and price options, effortlessly monitor price changes, and seamlessly co-ordinate flights from travel sites with fellow travelers. Part of Pintrips' functionality is based on allowing users to virtually pin flights while planning travel arrangements. This Complaint is a textbook example of an industry giant using a spurious lawsuit to bully a small entity into giving up its right to use a generic,

common term that merely describes a core function of its service. The law does not permit a common generic term to be removed from common and pervasive use so that a single company may profit. With this lawsuit, Plaintiff attempts to extend its market power to control the use of a common ***generic*** term by asking this Court to issue an order which will effectively appropriate to Plaintiff's exclusive use a common, functional term frequently used by software providers, users, and commentators alike to describe certain common features of websites, online maps, apps, operating systems, graphic user interfaces, and software programs. Plaintiff has no rights entitling it to such relief. The Court should stop this lawsuit and prevent a trademark bully like Plaintiff from proceeding any further.

To that end, Pintrips, through its undersigned attorneys, submits this memorandum in support of its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Pintrips moves to dismiss on the grounds that the generic term "pin" is not protectable, nor does Plaintiff own it. Consequently, Plaintiff cannot state a claim for trademark infringement, false designation of origin, unfair competition, or trademark dilution based on Pintrips' use of this generic term.

Plaintiff does not have a registered trademark in the term "pin." "Pin" is not protectable because it is a generic, commonly used term for virtually "pinning" an object on a graphic user interface such as a location on online maps, GPS devices, software applications, computer screens, websites, apps, or social media platforms. Plaintiff cannot have exclusive rights to the term. Moreover, Plaintiff does not even allege that it has used its purported pin mark (Ser. No. 85/698,998) before Pintrips' use of the pin term. There is accordingly nothing unlawful about Pintrips' use of the generic verb pin for the function of pinning flights via its online flight comparison service.

## STATEMENT OF FACTS

This lawsuit concerns the alleged unauthorized use of a generic term "pin" which is purportedly the exclusive property of Plaintiff for "social media bookmarking." (Comp. 17-18). Importantly, Plaintiff fails to allege when it commenced use of its alleged mark, relying

exclusively on the conclusory allegation that it has "extremely strong rights" in the pin mark.[1] (Comp. 18-19). Plaintiff filed an intent-to-use application with the PTO on August 8, 2012 to attempt to register pin. (*See* Tolchinsky Decl., Ex. A). To date, Plaintiff has not filed any statement of use of its alleged mark with the PTO. Nor has it provided the PTO with any specimens of use of the alleged mark to show that it is used as a trademark and not merely a commonly used directive or a generic noun. Indeed, as late as July 2, 2013, Plaintiff responded to the latest office action from the PTO and still failed to convert its application to one based on actual use of the mark, electing to retain its status as an intent–to-use application. (*Id*., Ex. B.)

Exactly ten (10) months before Plaintiff commenced this action, Pintrips applied for trademark registration for its Pintrips mark for travel services. (*Id*., Ex. C.) Because Plaintiff provided a declaration of use and acceptable specimens of use, on April 17, 2013, the PTO issued a Notice of Publication, signifying that the PTO did not find any prior applications or registrations, including those belonging to Plaintiff, that were likely to cause confusion with the Pintrips mark. (*Id*., Ex. D.) Pintrips would have a registration for its mark if Plaintiff had not filed a Notice of Opposition on November 1, 2013 to block the PTO from issuing a registration certificate. (*Id*., Ex. E.)

## **ARGUMENT**

When a plaintiff cannot prove any set of facts to state a claim which would entitle it to relief, the complaint should be dismissed with prejudice. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint's claims. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). On the motion to dismiss, the facts alleged in the complaint must be accepted as true, but the Court need not accept as true conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Transphase Sys., Inc. v. S.*

[1] On a related note, earlier this month, the European Commission's Office for Harmonization in the Internal Market, the governing body for trademarks in the European Union, ruled that a London based start-up company was the senior owner of the Pinterest mark because it registered the mark in January, 2012. The ruling noted that Pinterest failed to show that UK consumers were even familiar with the Pinterest trademark before 2012. (Declaration of Scott Tolchinsky, Ex. I.)

*Calif. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993). If the complaint does not contain factual matter sufficient to "state a claim to relief that is plausible on its face," it must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal can be based on lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

A court is not required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

A court is also not required to accept as true allegations that contradict facts which may be judicially noticed by the court.[2]

## I. PLAINTIFF'S TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION CLAIMS UNDER THE LANHAM ACT SHOULD BE DISMISSED BECAUSE IT DOES NOT OWN "PIN."

Although Section 43(a) of the Lanham Act protects unregistered marks, it only protects marks that "qualify" for protection. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). The principles qualifying a mark for protection under Section 2 of the Lanham Act are applicable to determining whether an unregistered mark is protectable. *Id.* Plaintiff's claimed "pin" mark does not satisfy these principles. This Court may make this determination on a motion to dismiss. *Toho Co., Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788, 790-91 (9th Cir. 1981) (affirming dismissal of Lanham Act claim on motion to dismiss because no likelihood of

---

[2] "[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Allen v. United Fin. Mortgage Corp.*, 660 F. Supp. 2d 1089, 1093 (N.D. Cal. 2009) (citing *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007)); *see also United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *Holomaxx Techs. v. Microsoft Corp.*, 783 F. Supp. 2d 1097, 1105-06 (N.D. Cal. 2011)("courts in the Ninth Circuit may consider documents that are not physically attached to the complaint when authenticity of the documents is not questioned and the complaint relies on the documents…and a court may take notice of matters of public record."). Similarly, the "incorporated by reference" doctrine allows the court to look beyond the pleadings without converting the 12(b)(6) motion into one for summary judgment. *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005).

confusion); *CES Publ'g Corp. v. St. Regis Publ'ns, Inc.*, 531 F.2d 11, 15 (2d Cir. 1975) (granting motion to dismiss because "Consumer Electronics Monthly" is not protected mark); *Finger Furniture Co., Inc. v. Mattress Firm, Inc.*, 2005 WL 1606934, *2-3 (S.D. Tex. 2005) (dismissing Lanham Act claim because mark at issue was not protectable).

**A. Plaintiff Cannot State Claims Based on Use of Pin.**

Before a party can even address the question of the strength of its mark, *it must first have a mark*. Without even addressing the ultimate issue of likelihood of confusion, Plaintiff's claims fail as a matter of law because there is no protectable trademark. To the extent Plaintiff's Lanham Act – based claims and its California law – based claims are premised on infringement or other improper use of the generic term pin, all claims must be dismissed because Plaintiff does not own the word pin. *See Comedy III Prods., Inc. v. New Line Cinema*, 200 F.3d 593, 596 (9th Cir. 2000) (holding that "[t]he ***absence of a trademark is fatal*** to all of Comedy III's claims.") (emphasis added).

As a matter of law, it is irrelevant how much money Plaintiff allegedly has spent on promotion, because no amount of advertising – even advertising directed at a specific term, can convert the generic term into a trademark. *See Perini Corp. v. Perini Constr.*, 915 F.2d 121, 127 (4th Cir. 1990); *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 464 (4th Cir. 1996); *Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75, 79 (7th Cir. 1977); *see also Miller Brewing Co. v. Falstaff Brewing Corp.*, 655 F.2d 5, 8 (1st Cir. 1981) ("No matter how much money and effort the user of a generic term has poured into promoting the sale of its merchandise . . ., it cannot deprive competing manufacturers of the product of the right to call an article by its name.")

Even if some consumers may happen to associate a generic term with a specific company – a situation that usually arises when that company is the largest user of the generic term in question – this merely establishes "*de facto* secondary meaning," which is irrelevant to a trademark analysis:

A showing of "secondary meaning," no matter how strong, can

> never earn trademark status for a generic word or phrase. It is this fact that has led to the coining of the phrase "de facto secondary meaning." For example, while some people may identify only IBM computers with the generic name "personal computer" or "PC," that does not mean that those terms are trademarks of products made by IBM.

2 J. Thomas McCarthy, *McCarthy on Trademarks*, § 12:47 (citing cases; footnotes omitted); *Am. Online Inc. v. AT&T Corp*., 64 F. Supp. 2d 549, 557 (E.D. Va. 1999) *aff'd in part, vacated in part*, 243 F.3d 812 (4th Cir. 2001); *Cont'l Airlines, Inc. v. United Air Lines, Inc.*, 53 U.S.P.Q.2d 1385 (TTAB 1999) ("To the extent that applicant is attempting to claim acquired distinctiveness by providing promotional and advertising information, the Board notes that such evidence of acquired distinctiveness cannot suffice to convert the generic term 'e-ticket' into a registrable service mark.")

Likewise, Plaintiff cannot state a claim based on Pintrips' use of pin. First, pin is not, as used in software applications, online maps, and websites, a protectable mark. *Two Pesos*, 505 U.S. at 768. It is generic and functional. It indicates what users do, *i.e.*, ***pin*** a location on a map, ***pin*** a contact on a taskbar in Windows, or ***pin*** a flight. "Pin" does not indicate a source of the product, feature, or service. *Stulbarg Int'l Sales Co. v. Brush & Co.*, 240 F.3d 832, 840 (9th Cir. 2001) ("fire safe" is generic because it is used to refer to a type or category of safe); *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1147-51 (9th Cir. 1999) (describing the "who are you/what are you" test in finding "Filipino Yellow Pages" to be generic); *Intel Corp. v. Advanced Micro Devices, Inc.*, 756 F. Supp. 1292, 1297-98 (N.D. Cal. 1991) ("386" is generic because it is perceived as a product description, not a brand name). Plaintiff cannot own the generic term pin, much like Facebook, Inc. cannot own the generic verb like. Moreover, a cursory search on the Internet shows that dozens of companies like Google, Inc., Facebook, Inc., and Microsoft Corporation use the generic verb pin in various websites, software applications and apps. (*See* Tolchinsky Decl., Exs. F, H.)

Thus, the word pin is nothing more than a generic noun/verb which is not entitled to protection. *See, e.g.*, *Miller Brewing Co.*, 561 F.2d at 80 (the adjective "light" is a generic term).

"Just as one producer may not use unfair competition law to prevent others from copying functional characteristics of its product, it may not use that law to prevent others from describing those characteristics in its products." *A.J. Canfield Co. v. Honickman*, 808 F.2d 291, 307 (3d Cir. 1986); *see also Am. Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 820-23 (4th Cir. 2001) (AOL's use of the phrase "You Have Mail" to announce new email is a functional use that makes the phrase generic and unprotectable as a mark). Numerous other entities use the directive "pin" solely for the functions outlined below, including the following:

| Application | Function | Image |
|---|---|---|
| Microsoft Windows | Application short-cuts are **pinned** to the Start Menu or Taskbar | |
| Facebook | Admins may **pin** certain page posts to the top of their page | |
| Google Maps | **Pins** mark locations on a map | |

Plaintiff cannot pluck the word "pin" from the public domain and preclude others from using that

verb to market their services. *Miller Brewing Co.*, 561 F.2d at 80; *A.J. Canfield*, 808 F.2d at 307; *Am. Online*, 243 F.3d at 820. Consequently, Plaintiff cannot state a claim based on Pintrips' use of the term pin.

Ordinary, everyday expressions are repeatedly denied trademark status because they are informational phrases rather than indicators of source, and thus such expressions remain free for all to use.[3] *See Reed v. Amoco Oil Co.*, 611 F. Supp. 9, 12 (M.D. Tenn. 1984) ("The more common a phrase is, the more it appears in everyday parlance, . . . less is the likelihood that it deserves trademark protection . . ."). Consequently, the common noun/verb "pin" is not a trademark, it is incapable of becoming a trademark, and must remain free for all to use. *See, e.g.*, *In re Volvo Cars of N. Am. Inc.*, 46 U.S.P.Q.2d 1455, 1459-60 (TTAB 1998).

There are numerous additional examples of the application of this principle. A construction company is incapable of preventing others from alerting motorists to WATCH THAT CHILD. *In re Tilcon Warren, Inc.*, 221 U.S.P.Q. 86 (TTAB 1984). A gun retailer cannot alone advertise that it offers MORE GUN FOR THE MONEY. *In re O.F. Mossberg & Sons, Inc.*, 175 U.S.P.Q. 191 (TTAB 1972). A manufacturer is not the only company that may exhort consumers to THINK GREEN. *In re Manco Inc.*, 24 U.S.P.Q.2d 1938 (TTAB 1992). An electronics producer does not have the proprietary right to proclaim that its products are PROUDLY MADE IN USA. *In re Remington Products*, 3 U.S.P.Q.2d 1714 (TTAB 1987). A retailer cannot keep other stores from informing customers that they offer BRAND NAMES FOR LESS. *In re Melville Corp.*, 228 U.S.P.Q. 970 (TTAB 1986). Plaintiff should not be allowed to abuse scarce judicial resources to suppress competition by preventing competitors from using the common generic word pin to describe Plaintiff's services.

Based on a search of PTO's website, there are over 90 live U.S. applications and

---

[3] While many of the cases cited in this section involve the denial by the U.S. Patent and Trademark Office of a federal registration for the phrase in question, the underlying decisions were based on a determination that the phrase for which registration was sought first and foremost did not function as a trademark. *See In re Bose Corp.*, 546 F.2d 893, 896 (C.C.P.A. 1976) ("The Trademark Act is not an act to register mere words, but rather to register trademarks. Before there can be registration, there must be a trademark . . ."). That principle of law is the same as the one before this Court.

registrations that include the term pin for software and related goods and services. (*See* Tolchinsky Decl., Ex. G.) Indeed, there are several U.S. current registrations and applications for "pin-formative" marks for social networking, including the following:

| Mark | Serial/Registration No. | Goods & Services |
|---|---|---|
| PINNY | 85/292,873 | Software for use integration of geographic information systems, social networking and mobile coupons |
| PINWEEL | 4,159,225 | Software for group photo sharing and social networking |
| PINNING PARTY | 4,360,237 | Advertising and marketing services using social media and other channels of marketing |
| PINSYNC | 4,337,225 | Web site that enables users to search business locations on mobile location-based social networking and mobile coupons |
| PINNUM | 4,411,854 | On-line social networking services |
| MY CAMP MATE – PLAN. PIN. SHARE. | 4,087,290 | An on-line community for users to share undiscovered or hidden gems of their travels in a social networking atmosphere by placing pins on a virtual map |
| YELLOWPIN | 3,612,202 | Social networking services to enable users to exchange their past and present locations and other user-generated content |

These applications and registrations for software and related goods and services, many of which predate Plaintiff's inception, further evidence that Plaintiff cannot own the word pin. Plaintiff

filed this lawsuit without adequate investigation or appreciation of these uses and hopes to remove this term from the common argot and turn it into private property.

Even assuming that the generic word pin were protectable, Plaintiff does not own the mark because it is not the senior user. *Brookfield Commc'ns, Inc. v. West Coast Ent. Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999) (party can rebut validity presumption of registered mark by showing it used the mark in commerce first). Moreover, Plaintiff fails to even allege that it used the term pin for pinning photos online before Pintrips began using the term pin for the function of allowing its users to virtually pin flights.

### B. Plaintiff's Complaint Should be Dismissed With Prejudice Because Leave to Amend Would be Futile.

Where it is clear that no relief can be granted under any set of facts, dismissal without leave to amend is appropriate. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming dismissal with prejudice where amendment to complaint would have been futile); *see also Chem. v. New York Life Ins. Co.*, 168 F.3d 498 (9th Cir. 1999) (affirming dismissal without leave to amend because amendment would be futile); *In re All Terrain Vehicle Litig.*, 771 F. Supp. 1057, 1062 (C.D. Cal. 1991) (denying leave to amend because further attempts to amend would be futile). There is no set of facts that Plaintiff could plead which would render Pintrips' use of the term pin unlawful. Plaintiff does not own this generic verb. No amount of revision will change that inconvenient fact. This Court should dismiss the causes of action based on Plaintiff's purported rights in and to the term pin with prejudice.

## II. PLAINTIFF FAILS TO STATE CLAIMS FOR VIOLATIONS OF STATE LAW.

### A. Because Plaintiff Cannot Own the Generic Term Pin, Its State Claims Must Also Be Dismissed.

Plaintiff alleges violations of California Business and Professions Code § 17200 *et seq.* and § 14247 based on the same conduct on which it bases its Lanham Act causes of action. Plaintiff's state law claims fail for the same reasons as do its federal claims. First, Plaintiff fails to state a claim for unfair competition under Bus. & Prof. Code § 17200 *et seq.* because it does not sufficiently allege the violation of any law. *Accuimage Diagnostics Corp. v. Terarecon, Inc.*,

260 F. Supp. 2d 941, 954-55 (N.D. Cal. 2003). Although Plaintiff attempts to allege Lanham Act violations, it does not sufficiently allege actionable conduct. Given the lack of specific unlawful conduct, the Court should dismiss Plaintiff's cause of action for unfair competition under California law.

Second, Plaintiff's cause of action for trademark dilution under Bus. & Prof. Code § 14247 fails as a matter of law and must be dismissed. Here, as discussed above, the term pin is not protectable. *See e.g., Talking Rain Beverage Co. v. S. Beach Beverage Co.*, 349 F.3d 601 (9th Cir. 2003) (dismissing state and federal claims based on use of mark where court determined mark at issue was functional and invalid); *CG Roxane LLC v. Fiji Water Co.*, 569 F. Supp. 2d 1019, 1034-35 (N.D. Cal. 2008).

**B. <u>In Any Event, Even If Plaintiff's State Law Claims Survive Scrutiny, The Court Should Decline to Accept Supplemental Jurisdiction.</u>**

Courts should generally decline to exercise jurisdiction over remaining state claims that do not implicate preemption issues where federal claims are dismissed in the early stages of litigation. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Here, as demonstrated above, all of Plaintiff's federal law causes of action premised on its purported rights to the generic term pin fail to state claims upon which relief may be granted, and must therefore be dismissed. *Thompson Tank & Mfg. Co., Inc. v. Thompson*, 693 F.2d 991, 993 (9th Cir. 1982) ("Accordingly [defendant] was not engaged in conduct forbidden by § 1125 and the district court lacked Lanham Act jurisdiction. Dismissal of the pendent state claim of unfair competition was therefore proper."). Therefore, to the extent that any of the state law claims remain, the Court should decline jurisdiction. *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) (upholding dismissal of the remaining state claims).

## <u>CONCLUSION</u>

For all of the reasons set forth above, Pintrips respectfully requests that this Court dismiss

Plaintiff's Complaint with prejudice.

Dated: January 6, 2014

Respectfully submitted,

By: */s/ Frank L. Bernstein*

Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304
Telephone: (650) 384-4700
Facsimile: (650) 384-4701
Email: fbernstein@kenyon.com

Attorney for Defendant
*Pintrips, Inc.*