# HARVEY ▪ SISKIND LLP

June 2, 2014                                                          Donald A. Thompson

**VIA ELECTRONIC CASE FILING**

The Honorable Kandis A. Westmore
United States Magistrate Judge
United States Courthouse
Courtroom 4 - 3rd Floor
1301 Clay Street
Oakland, CA 94612

      Re:   *Pinterest, Inc. v. Pintrips, Inc.*
              Case No. C 13-04608 RS KAW

Your Honor:

      Pursuant to Section 12 of your standing order, the parties submit this joint letter about their discovery dispute over certain responses by Pintrips to Pinterest's first set of interrogatories. Counsel for the parties attest that they met and conferred about this dispute by phone on May 6, 2014 and May 20, 2014 and by email on other occasions.

      Pinterest's interrogatories were deemed served on March 17, 2014. Pintrips's responses were served on April 23, 2014 after a consented two-day extension of the deadline. Pintrips's first amended responses were served on May 22, 2014.

      The relevant interrogatories, responses, and amended responses are reproduced below, together with the respective positions of the parties.

Interrogatory Nos. 9 and 12

      The parties have resolved their dispute concerning Interrogatory Nos. 9 and 12, as explained below.

      Interrogatory No. 9 reads: "Identify each person who participated in the selection of the mark PINTRIPS." Pintrips's original substantive response read: "at least Stephen Gotlieb [CEO of Pintrips] and certain independent contractors participated in the selection of the mark PINTRIPS." Pintrips's amended substantive response reads: "at least Stephen Gotlieb [CEO of Pintrips] and certain independent contractors, including Timothy O'Neil-Dunne, Paul Addy, and Ashley Raiteri, participated in the selection of the mark PINTRIPS."

The Honorable Kandis A. Westmore
June 2, 2014
Page 2

Interrogatory No. 12 reads: "Identify each person who participated in the decision to include a PIN button on the user interface of Your PINTRIPS service." Pintrips's original substantive response read: "Stephen Gotlieb and certain other independent contractors participated in the decision." Pintrips's amended substantive response reads: "Stephen Gotlieb and certain other independent contractors, including Timothy O'Neil-Dunne, Paul Addy, and Ashley Raiteri, participated in the decision."

Instruction No. 10 reads in relevant part: "To 'Identify' a Person shall mean to state with respect to such Person: His or her name and last known business address and residence address."

The parties do not require judicial intervention with respect to these interrogatories because Pintrips recently provided known physical addresses for Mr. Addy and Mr. Raiteri and promised to provide a physical address for Mr. O'Neil Dunne. Pintrips will supplement its verified interrogatory responses accordingly.

Interrogatory Nos. 16 and 17

Interrogatory No. 16 reads: "Describe all communications between You and any third party which refer or relate to Pinterest." Pintrips's substantive response reads: "members of the press have interviewed Stephen Gotlieb on several occasions" and "Stephen Gotlieb discussed the above-captioned litigation with potential investors and certain advisors on several occasions."

Interrogatory No. 17 reads: "Identify all communications between You and any third party which refer or relate to [this] action." Pintrips's substantive response reads: "members of the press have interviewed Stephen Gotlieb on several occasions" and "Stephen Gotlieb discussed [this] litigation with potential investors and certain advisors on several occasions."

Instruction No. 10 reads in relevant part: "To 'Identify' a Person shall mean to state with respect to such Person: His or her name and last known business address and residence address.

According to Pinterest, Pintrips has not only failed to describe or identify the communications referenced above but also failed to identify the participants in those communications. Pintrips has provided no colorable excuse for these failures, which appear intended to delay necessary and appropriate follow-up discovery, including subpoenas to the relevant individuals. Pintrips has objected that its communications about Pinterest and about this action are not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. That objection is frivolous. Interrogatory No. 17 seeks to identify communications *about this action*, which are obviously relevant to this action. Interrogatory No. 16 seeks to identify communications *about a party to this action* by the other party to this action,

The Honorable Kandis A. Westmore
June 2, 2014
Page 3

which are highly likely to be relevant to this action. For example, these communications may reveal when the founders of Pintrips became aware of Pinterest, and whether they adopted their corporate name in a deliberate attempt to copy Pinterest.

Since Pintrips has not even disclosed the number of individuals involved in the communications referenced in Interrogatory No. 16 and Interrogatory No. 17, Pinterest cannot frame a discovery plan at this time. During the "meet and confer" call on May 6, 2014, Pintrips agreed to provide the requested information but it still has not provided this information nearly four weeks later, and it must provide this information immediately.

Pintrips clearly has not identified responsive communications to the best of its recollection because it has not even identified the participants in those communications.

According to Pintrips, Pintrips did respond to these interrogatories, but had done so subject to general objections, including General Objection L, which objected to the interrogatories to the extent that they seek information not relevant to any claim or defense of any party and/or is not reasonably calculated to lead to the discovery of admissible evidence. Pinterest has attempted to explain the relevance of these interrogatories, but the explanation is incomplete, as Pinterest still has not explained why it needs virtual transcripts of communications with the press or with investors. Moreover, Pinterest has not justified the breadth of the interrogatories, asking for "All communications…" As with Interrogatory No. 20 below, these interrogatories are effectively a memory test for Pintrips' management. In responding to these interrogatories, Pintrips has provided its recollection. Moreover, to the extent that Pinterest contends that "these communications may reveal when founders of Pintrips became aware of Pinterest," these interrogatories merely repeat Interrogatory No. 20. Nevertheless, with a suitable restriction on scope, Pintrips is willing to reconsider its responses.

Interrogatory No. 20

This interrogatory reads: "Describe how each member of Your management team first became aware of Pinterest." Pintrips's original substantive response read: "Stephen Gotlieb recalls having knowledge of the name Pinterest on or about mid-June 2011." Pintrips's amended substantive response reads: "Stephen Gotlieb recalls having knowledge of the name Pinterest on or about mid-June 2011; Guy Levy joined Pintrips around August, 2012, and to the best of his memory, recalls first hearing the name Pinterest sometime around the fourth quarter of 2012; and Sheila Bajoor recalls having first heard the name Pinterest in January, 2012, but did not join Pintrips until June 28, 2013."

The Honorable Kandis A. Westmore
June 2, 2014
Page 4

According to Pinterest, Pintrips has failed to describe (a) *when* Stephen Gotlieb, its CEO, *first became aware* of Pinterest or (b) *how* any member of its management team *first became aware* of Pinterest. Pintrips writes below that all members of its management team have answered this interrogatory to the best of their recollection, which implies that Stephen Gotlieb does not remember when he first became aware of Pinterest and no one on the Pintrips management team remembers how he or she first became aware of Pinterest. If Pintrips supplements its verified interrogatory response to confirm the same, Pinterest will drop its objection to that response.

According to Pintrips, Pintrips's amended response, which Pinterest quoted above, clearly states that Pintrips' CEO Stephen Gotlieb recalled having knowledge of the name Pinterest on or about mid-June 2011. Second, Pintrips contends that its substantive response contains the best recollection of each member of its management team. While Pinterest appears to want to make much of Pintrips' first awareness of Pinterest, in real life the first awareness of a particular Web site simply does not often stand out in the minds of most people.  Such is no less true of Pintrips' management team and its members' first awareness of Pinterest.  All members of the Pintrips management team have answered this question to the best of his or her recollection. As for verification, while Pinterest has not yet provided a verification of its responses to Pintrips' interrogatories, if what Pinterest is insisting on from Pintrips is a further verified interrogatory response, Pintrips is willing to provide a third verification, once there is agreement on all of the interrogatories for which verified responses are to be provided.

## Conclusion

The parties will be pleased to discuss this matter with the Court, and to provide any further briefing the Court may request.

Respectfully submitted,

/s/ *Donald A. Thompson*

Donald A. Thompson
Harvey Siskind LLP
Counsel for Pinterest, Inc.

The Honorable Kandis A. Westmore
June 2, 2014
Page 5

                                                       /s/ *Frank L. Bernstein*

                                                       Frank L. Bernstein
                                                       Kenyon & Kenyon LLP
                                                       Counsel for Pintrips, Inc.

I, Donald A. Thompson, am the ECF User whose identification and password are being used to file this document. Pursuant to Civil Local Rule 5.1, I hereby attest that counsel for Defendant has concurred in this filing.

                                                       /s/ *Donald A. Thompson*