HARVEY SISKIND LLP
LAWRENCE J. SISKIND (SBN 85628)
Email: siskind@harveysiskind.com
DONALD A. THOMPSON (SBN 260076)
Email: dthompson@harveysiskind.com
JANE A. LEVICH (SBN 293299)
Email: jlevich@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Plaintiff
PINTEREST, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PINTEREST, INC.,<br>a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PINTRIPS, INC.,<br>a Delaware corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C 13-4608 RS KAW<br><br>**PINTEREST'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE COMPLAINT UNDER FED. R. CIV. P. 15(a)(2)**<br><br>Hearing Date: August 28, 2014<br>Time: 1:30 p.m.<br>Courtroom: 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

**NOTICE OF MOTION**

Please take notice that at 1:30 pm on Thursday, August 28, 2014, or as soon thereafter as the

matter may be heard, in the Court captioned above, located at 450 Golden Gate Avenue, San

Francisco, California 94102, Plaintiff Pinterest, Inc. ("Pinterest") will, and hereby does, move for

leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). The

proposed amended complaint is attached as Exhibit A to the declaration of Donald A. Thompson

filed in support of this motion ("Thompson Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF THE ISSUE**

The sole issue is whether Pinterest may file a First Amended Complaint to allege

infringement of the *registered* PIN trademark, in view of a registration recently issued by the United

States Patent and Trademark Office.

**STATEMENT OF FACTS**

On October 4, 2013, Pinterest filed a complaint that included five trademark claims. Notably,

the first claim alleged infringement of the *registered* PINTEREST trademark in violation of 15

U.S.C. § 1114. D.N. 1 ¶¶ 26-34. The second and fourth claims alleged infringement of the *registered*

PINTEREST trademark and the *common law* PINTEREST, PIN IT, and PIN trademarks in violation

of 15 U.S.C. § 1125(a) and California Business & Professions Code § 17200. *Id.* ¶¶ 35-41, 48-52.

The complaint did not allege infringement of the *registered* PIN trademark because a registration had

not yet issued. Instead the complaint referenced an application to register that trademark, filed over a

year earlier, and the joint case management conference statement noted: "Pinterest plans to amend its

complaint to assert PIN as a registered trademark under 15 U.S.C. § 1114 when a registration issues."

*Id.* ¶ 17; D.N. 22 ¶ 5; D.N. 40 ¶ 5.

Pinterest is now implementing those plans – disclosed in the joint case management statement

– because a registration for PIN issued on June 17, 2014. *See* Thompson Decl. Exh. B (United States

Trademark Registration No. 4,553,185 for PIN in connection with goods in international class 9

(notably, "software that allows users to discover, access and share information about … goods,

1  services, and experiences") and services in international class 42 (notably, "providing a website

2  featuring non-downloadable software that enables electronic communications network users to create,

3  upload, bookmark, view, annotate, share and discover data, information and media content.")).

4      Pinterest wanted to avoid filing this motion and consuming judicial resources. To that end, on

5  June 30, 2014, counsel for Pinterest asked counsel for Pintrips to consent to the filing of a First

6  Amended Complaint. Thompson Decl. ¶ 4, Exh. C. On July 3, 2014, counsel for Pintrips responded

7  that he was awaiting instructions from his client. *Id*. On July 8, 2014, he again confirmed that he was

8  awaiting instructions from his client. *Id.* On July 22, 2014, he yet again confirmed that he was

9  awaiting instructions from his client. *Id.* ¶ 5. He stated that he did not know when he would receive

10  those instructions. *Id*. Counsel for Pintrips has been very responsive, but apparently his client has not.

11  Pinterest is left with no choice but to file this motion.

12                                    **ARGUMENT**

13      According to Federal Rule of Civil Procedure 15(a)(2), leave to amend should be "freely

14  give[n] … when justice so requires." The party opposing leave to amend must show why it "should

15  *not* be [given]." *Genentech, Inc. v. Abbott Labs*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989) (emphasis

16  added). Both the Rule and burden reflect a "liberal policy" in favor of leave to amend, which

17  effectuates the purpose of pleading: "to facilitate a proper decision on the merits … and not to erect

18  formal and burdensome impediments in the litigation process." *Howey v. United States*, 481 F.2d

19  1187, 1190 (9th Cir. 1973); *Genentech*, 127 F.R.D. at 530.

20      Five factors may inform a decision on leave to amend: (1) undue prejudice to the opposing

21  party; (2) bad faith by the moving party; (3) futility of the proposed amendment; (4) undue delay by

22  the moving party; and (5) whether leave has been previously given. *See Foman v. Davis*, 371 U.S.

23  178, 182 (1962); *Phoenix Solutions, Inc. v. Sony Elecs. Inc.*, 637 F. Supp. 2d 683, 659 (N.D. Cal.

24  2009). Whether the opposing party will be prejudiced is the "touchstone of the inquiry" and "carries

25  the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2002).

26      Leave to amend is clearly warranted here. First, Pintrips will not be prejudiced if leave to

27  amend is given. Pintrips has always known that Pinterest would assert a PIN registration upon

NOTICE OF MOTION & MOTION TO FILE AMENDED COMPLAINT          CASE NO. C 13-4608 RS KAW

1  receiving one. Second, Pinterest does not exhibit any bad faith. Pinterest has never made any secret of

2  its plan to assert a PIN registration upon receiving one. Third, the requested amendment is not futile.

3  It concerns allegations which are as meritorious as – or more meritorious than – other allegations

4  which have already survived a motion to dismiss. *See* D.N. 32. Fourth, Pinterest has acted promptly.

5  If anyone has delayed, it is Pintrips, which has declined for weeks to express a position on the

6  proposed amendment. Fifth, Pinterest has not previously amended any pleading in this case.

7  **CONCLUSION**

8  For the foregoing reasons, the Court should grant leave to amend the complaint.

9  Dated:  July 24, 2014                    Respectfully submitted,

10                                           HARVEY SISKIND LLP
11                                           LAWRENCE J. SISKIND
                                             DONALD A. THOMPSON
12                                           JANE A. LEVICH

13

14                                           By:  _____/s/_____
                                                       Donald A. Thompson
15

16                                           Attorneys for Plaintiff
                                             PINTEREST, INC.

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF MOTION & MOTION TO FILE AMENDED COMPLAINT          CASE NO. C 13-4608 RS KAW