United States District Court
Northern District of California

PINTEREST, INC.,

    Plaintiff,

v.

PINTRIPS, INC.,

    Defendant.

Case No.: 3:13-cv-04608-RS (KAW)

ORDER REGARDING JOINT DISCOVERY LETTER

Plaintiff in this trademark infringement action requests an order compelling responses to two interrogatories. (Joint Ltr., Dkt. No. 63.) The first interrogatory at issue asks that Defendant "[i]dentify all communications between [it] and any third party which refer or relate to [Plaintiff]." (*Id.* at 11, 12, Interrog. No. 16.) The second interrogatory at issue is similar; it reads: "Identify all communications between [Defendant] and any third party which refer or relate to the above-captioned action." (*Id.* at 11, 12, Inter. No. 17.)[1]

Defendant responded to these interrogatories as follows: "members of the press have interviewed Stephen Gotlieb on several occasions. In addition, Stephen Gotlieb discussed the above-captioned litigation with potential investors and certain advisors on several occasions." (*Id.* at 11, 12.)

In connection with these interrogatory responses, the parties now dispute whether

---

[1] The Court does not address the portions of the parties' joint letter that are not relevant to the interrogatories at issue. Whether Plaintiff eventually propounds subpoenas on the third parties whose identities it seeks in a manner that is improper is a matter for another joint letter. In the future, the parties should limit the content of any joint discovery letter brief to what is relevant to the dispute at issue. The Court cautions Plaintiff, however, that it may "impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." *Legal Voice v. Storman's Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013) (citations omitted).

Defendant should be required to disclose the identity, location, and employer of these "potential investors" and "certain advisors," "and anyone else with whom [Defendant] has communicated about its trademark dispute with [Plaintiff]." (*Id.* at 2.)

Federal Rule of Civil Procedure 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The information sought "need not be admissible at the trial" so long as "it appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Moreover, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)," which requires the court to limit discovery upon a finding (1) that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from other source that is more convenient, less burdensome, or less expensive; (2) that the party seeking discovery has had ample opportunity to obtain the information sought, or (3) that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Relying on *Viacom Int'l, Inc. v. YouTube, Inc.*, No. No. C 08-80129 SI, 2008 U.S. Dist. LEXIS 79777 (N.D. Cal. Aug. 18, 2008), Plaintiff argues that Defendant should disclose the identities and locations of potential investors and certain advisors because it has communicated with them about this case. (Joint Ltr. at 2.) Plaintiff asserts that these individuals "are uniquely situated to know relevant information that is not readily available from other sources." *(Id.)* It claims that these individuals "may be able to confirm that [Defendant] deliberately chose a name which is similar to [Plaintiff's] with the intent of profiting from [Plaintiff's] success." *(Id.)*

In *Viacom*, the court ordered production of documents from three non-party venture capital firms, including any communications the firms had with potential investors. 2008 U.S. Dist. LEXIS 79777, at *13. In that copyright infringement case, the court reasoned that due to the firms' close relationships with the defendants, they may have obtained knowledge about the defendants' intent through oral communications. *Id.* On that basis, it concluded that the information, which may not have been clear from documents produced by the defendants, was relevant to the claims of copyright infringement the plaintiff had asserted in its complaint. *Id.* at *

3-4, 14.

Following *Viacom*, which is analogous to the instant case, Plaintiff's theory of relevance—that the potential investors and certain advisors with whom Defendant has discussed this litigation may have information that bears on Defendant's intent—is well taken. Defendant's intent is one of the elements a court may consider in connection with Plaintiff's claim for trademark dilution, *see* 15 U.S.C. § 1125(c)(2)(B)(v), and the potential investors and certain advisors with whom Defendant has discussed this case may have information on this issue.

Defendant does not attempt to distinguish *Viacom*, simply stating that "[n]one of the case law [Plaintiff] cites, including the *Viacom* case, bears on the ultimate issue, which [Plaintiff] clearly understands because [Defendant] explained it." (Joint Ltr. at 6.) Instead, Defendant argues that given its status as a "small startup," involving its investors in this litigation would be more than burdensome and oppressive but catastrophic. (*Id.* at 7.) It describes Plaintiff's discovery approach as a "harassment tactic, designed to ruin [its] ability to continue in business." (*Id.* at 8.) It suggests that Plaintiff should first propound discovery on Defendant and the third-parties it has identified[2] before propounding discovery on Defendant's investors. *(Id.)*

Defendant, however, does not cite to any legal authority where a court has excused compliance with a discovery request because the propounded discovery would potentially deter investors from giving a party funding.[3] Nor has Defendant advanced a compelling argument for why discovery should be phased in the manner it suggests.[4] Its speculation that involving the third parties, with whom it has already discussed this litigation, will risk funding for their venture is insufficient.

---

[2] It is unclear which third parties Defendant has identified. Based on the one-page excerpt the parties appended to their joint letter, it appears Defendant has not named any third-parties in response to interrogatories numbers 16 and 17. Joint Ltr. at 11, 12.

[3] In fact, in the only case Defendant cites, the court ordered the plaintiffs to identify witnesses in response to the defendants' interrogatories. *See In re Convergent Techs. Securities Litig.*, 108 F.R.D 328, 340-41 (N.D. Cal. 1985).

[4] In fact, in their joint case management conference statement, Dkt. No. 40, the parties stated that they "do not believe that discovery should be conducted in phases or be limited to or focused upon particular subjects."

3

Accordingly, Defendant shall supplement its responses to interrogatory numbers 16 and 17 with the names and locations of the potential investors and certain advisors it referred to in its interrogatory responses. Defendant, however, need not supply any information relating to these individuals' employers. That information is not necessary to satisfy Rule 26(b)(1), which allows for discovery of "the identity and location of persons who know of any discoverable matter."

IT IS SO ORDERED.

Dated: August 7, 2014

KANDIS A. WESTMORE
United States Magistrate Judge