IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PINTEREST, INC.,

    Plaintiff,

  v.

PINTRIPS, INC.,

    Defendant.
_____/

No. 13-4608 RS

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

Plaintiff Pinterest, Inc. seeks leave to amend its complaint to reflect the fact that the United States Patent and Trademark Office ("PTO') has now issued a registration for one of the trademarks allegedly being infringed by defendant Pintrips, Inc. In opposition to the motion, Pintrips contends that the PTO refused registration of the mark in the class that encompasses social networking services, and that the proposed amendment therefore represents an effort to "change the narrative that Pinterest attempted to establish in its original complaint." Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for August 28, 2014 is vacated.

Under Rule 15 of the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Absent any "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15 thus embraces "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id*. at 181-82 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). In short, the policy permitting amendment is to be applied with "extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). Factors which merit departure from the usual "[l]iberality in granting a plaintiff leave to amend" include bad faith and futility. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) Undue delay, standing alone, is insufficient to justify denial of a motion for leave to amend. *Id*. at 758.

Here, Pinterest's original complaint averred that an application for registration of the mark in question was pending; an amendment stating the results of that application should come as no surprise. That the PTO found insufficient evidence that Pinterest engages in social networking services perhaps will bolster Pintrip's defenses, but it neither forecloses amendment based on the registration as issued nor means that Pinterest has abandoned its original theories in favor of new ones. Moreover, even if it were the case that Pinterest is now attempting to "change the narrative," Rule 15 exists for the very purpose of allowing such changes in the interest of reaching "a proper decision on the merits."

Pintrips makes no argument that the amendment is offered in bad faith, after undue delay, or that it would be futile, and nothing in the record would support such findings in any event. Pintrip's complaint that it will now have to conduct unspecified additional or different discovery is peculiar, given that it has known from the outset that this mark was at issue and that registration was pending. Even if some change in discovery plans is necessary, however, Pintrips has not shown how it would be unduly prejudicial, particularly at this relatively early stage in the litigation. "Prejudice is the 'touchstone of the inquiry under rule 15(a),'" and the "party opposing amendment 'bears the burden of showing prejudice.'" *Eminence Capital*, 316 F.3d at 1052 (citations omitted).

In short, the proposed amendment is plainly proper under the standards of Rule 15. Pintrips' proffered grounds of opposition are not tenable. The motion is therefore granted.

1  IT IS SO ORDERED.

3  Dated: 8/26/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE