HARVEY SISKIND LLP
LAWRENCE J. SISKIND (SBN 85628)
Email: siskind@harveysiskind.com
DONALD A. THOMPSON (SBN 260076)
Email: dthompson@harveysiskind.com
JANE A. LEVICH (SBN 293299)
Email: jlevich@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Plaintiff
PINTEREST, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINTEREST, INC.,<br>a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PINTRIPS, INC.,<br>a California corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 13-04608-RS-KAW<br><br>**FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND TRADEMARK DILUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Pinterest, Inc. submits this First Amended Complaint against Defendant Pintrips, Inc. in the form previously proposed (Dkt. #61-2), pursuant to Court Order (Dkt. #74):

## NATURE OF THE ACTION

1. This action arises from Pintrips' decision to adopt a social media brand that is confusingly similar to Pinterest's, and its refusal to recognize, discuss or remediate the confusion it causes among consumers. Pinterest is a world-renowned provider of social media services and the beneficiary of a hard-earned reputation in a PIN-formative family of trademarks, notably including the famous PINTEREST trademark. When Pintrips launched its own social media service, it could have adopted any number of trademarks. Instead it chose PINTRIPS, which is similar in appearance, sound, and commercial impression to PINTEREST. In doing so, Pintrips has chosen a brand that causes confusion among consumer and implies a connection, affiliation or sponsorship that does not exist. This violates the Lanham Act, 15 U.S.C. § 1114 *et seq.*, California Business and Professions Code § 17200 *et seq.*, and California Business and Professions Code § 14247.

## THE PARTIES

2. Plaintiff Pinterest, Inc. is a Delaware corporation with its principal place of business in the City and County of San Francisco, California.

3. On information and belief, Defendant Pintrips, Inc. is a California corporation with its principal place of business in the County of Santa Clara, California.

## JURISDICTION

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*. The Court has supplemental jurisdiction over Pinterest's state law claims under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Pintrips because, on information and belief, Pintrips is a California corporation with its principal place of business in California.

## VENUE

6. Venue is proper under 28 U.S.C. § 1391(b) because Pintrips resides in this judicial district and a substantial part of the events or omissions giving rise to this action occurred here.

FIRST AMENDED COMPLAINT　　　　　　　　　　　　　　　CASE NO. CV 13-04608-RS-KAW

**INTRADISTRICT ASSIGNMENT**

7. This intellectual property action shall be assigned on a district-wide basis pursuant to Civil L.R. 3-2(c).

**GENERAL ALLEGATIONS**

**Pinterest And Its Trademarks**

8. Pinterest provides online services through its website, www.pinterest.com, and through applications designed for Apple and Android mobile devices. Pinterest lets users gather images and other content, as shown below, for example, and curate that content into themed boards. Pinterest users typically build their boards using images from their own collections or other websites. Pinterest allows its users to post content to their boards, browse other users' boards, and share content that interests or inspires them. In doing so, Pinterest provides a way for people to express themselves, discover new things, and engage with the people who create them.



9. A "PIN" is the foundational element of Pinterest. Each piece of content posted on Pinterest, such as shown below, is known as a PIN. Users are known as "PINNERS." They post content to Pinterest from their own collections or other websites by posting it to a themed collection. Pinterest pioneered the use of PIN-formative terms in the context of social media and bookmarking. The public associates these terms with Pinterest, and they have become famous in relation to Pinterest's goods and services.

-4-

FIRST AMENDED COMPLAINT　　　　　　　　　　　　　　　　CASE NO. CV 13-04608-RS-KAW

10. Launched in March 2010, Pinterest has millions of active users. It is one of the 20 most popular web sites in the United States and the third most popular such social networking site, behind only Facebook and Twitter. Time magazine named Pinterest one of the 50 best websites of 2011. In early 2012, Pinterest became the fastest website in history to attract more than 10-million-visitors-a-month. Pinterest has continued to grow ever since. Along the way, it has received favorable coverage in hundreds of publications worldwide, including The New York Times, The Wall Street Journal, The Los Angeles Times, The Daily Mail, The Australian, The Times of India, and The New Zealand Herald, which described it as the "web's hottest social property."

11. By virtue of its popularity, Pinterest is a major force in social media. Photographers, designers, artists and other professionals use Pinterest to promote their work and expose new audiences to it. Companies like The Gap, Macy's, Nordstrom, Neiman Marcus, and Saks Fifth Avenue promote their products and their brands on Pinterest. Publications like The New Yorker and Time Magazine maintain Pinterest boards to share images, reach new audiences and draw people to their websites. Even The White House maintains a presence on Pinterest, where it has nine boards, on topics such as "The First Lady" and "The People's Pins."

12. An important element in Pinterest's success has been the popularity of its PIN IT button, which appears on hundreds of thousands of domains across the Internet, including some of the biggest names in on-line retailing, from Amazon to Zappos. The PIN IT button sits alongside content on a website. When a visitor clicks on the PIN IT button, he or she can easily add that content to Pinterest.

//

//

13. Pinterest has made a particularly big splash when it comes to travel. Pinterest users have posted more than 660 million PINS in Pinterest's "Travel" category to date. Many people use Pinterest as a travel-planning tool – for example, to collect inspiration for upcoming trips, such as shown below.



14. Given the popularity of Pinterest in the area of travel, many airlines promote themselves on Pinterest, including American Airlines, Southwest Airlines, Virgin America, Virgin Atlantic, Air France, Air New Zealand, and Cathay Pacific. Many hotel and resort companies also promote themselves on Pinterest, including Four Seasons Hotels and Resorts, Hilton Hotels and Resorts, Omni Hotels and Resorts, The Ritz Carlton and Airbnb. Travel planning companies and travel media outlets likewise promote themselves on Pinterest, including Travel + Leisure, Conde Nast Traveler, BBC Travel, Travel Channel and Lonely Planet.

15. Pinterest uses its word mark PINTEREST and its logotype *Pinterest* to represent its service and business. Pinterest has used the PINTEREST trademark in commerce since March 10, 2010 and used the logotype trademark in commerce since May 3, 2011. Each is inherently distinctive.

16. Pinterest holds U.S. Registration No. 4,145,087 (issued on May 22, 2012) for the mark PINTEREST in connection with "providing a web site featuring technology that enables internet users to create, bookmark, annotate, and publicly share data" in class 42 and "internet based social networking services" in class 45. Pinterest filed the underlying U.S. Trademark Application Serial No. 85,255,217 on March 1, 2011, and first used the mark at least as early as March 10, 2010.

17. Pinterest also holds U.S. Registration No. 4,553,185 (issued on June 17, 2014) for the mark PIN in connection with various goods and services in classes 9 and 42. Pinterest first used the mark PIN at least as early as March 10, 2010.

18. Pinterest also holds various U.S. Trademark Applications, including: Serial No. 85,695,361 for the word mark PINTEREST in connection with various goods and services in classes 9, 35, 38, 42 and 45; and Serial No. 85,694,131 for the logotype *Pinterest* in connection with various goods and services in classes 9, 35, 38, 42 and 45.

19. Finally, Pinterest has common-law rights in the terms PINTEREST, PIN, and PIN IT, and in the PIN- prefix, as applied to social media bookmarking services. Pinterest coined such terminology for social media bookmarking, and it has acquired a reputation as uniquely identifying Pinterest's services in the social media bookmarking field.

20. Based upon its extensive use and its phenomenal success in the marketplace, Pinterest has gained extremely strong rights in its trademarks.

### Pintrips And Its Confusing Marks

21. Pintrips provides online services through its website, pintrips.com. Pintrips describes itself as a "personal travel planning dashboard" where users collect, compare and share information about flights. If Pinterest is a social media bookmarking service for all types of media, including information about travel and flights, Pintrips is a social media bookmarking service for information about travel and flights exclusively.

22. Founded in August 2011 – around the same time as Time Magazine named Pinterest one of the 50 best websites of 2011 – Pintrips needed a way to distinguish itself from other travel planning services. So it should have adopted its own unique name. Instead it adopted PINTRIPS, which is similar

-7-

in appearance, sound, and commercial impression to PINTEREST. To make matters worse, Pintrips adopted a PIN button, featuring the PIN trademark, which is confusingly similar to the PIN IT button, featuring the PIN IT trademark, used by Pinterest. The parties' respective buttons are shown below.



Pinterest's PIN IT Button          Pintrips's PIN Button

23. By selecting a brand that is confusingly similar to Pinterest's, Pintrips has capitalized on the tremendous goodwill Pinterest has established in its trademarks, and created a false association between Pintrips and Pinterest by causing consumers to misperceive a connection, affiliation or sponsorship that does not exist.

24. The parties' respective marks have appeared in close proximity, which only heightens the likelihood of confusion. For instance, use of the Pintrips service in conjunction with the Pinterest bookmarklet has caused Defendant's PINTRIPS banner to appear immediately above Plaintiff's PIN IT button, as shown below, an example from the Delta Airlines website.



25. On December 4, 2012, Pintrips filed U.S. Trademark Application Serial Number 85,793,784 to register PINTRIPS in connection with "providing travel management services," among other services in class 35, and "providing an on-line searchable computer database featuring information on travel," among other services in class 39.

FIRST AMENDED COMPLAINT          CASE NO. CV 13-04608-RS-KAW

26. Pinterest has told Pintrips – clearly and repeatedly – that it objects to Pintrips' attempted registration and continued use of PINTRIPS, PIN and other PIN-formative marks. Pinterest has tried to be patient and reasonable with Pintrips. Over three months ago, Pinterest provided a detailed explanation of its concerns and asked Pintrips to stop its illegal conduct. After several requests for more time to consider Pinterest's requests, Pintrips summarily dismissed Pinterest's concerns without addressing them, and showed no willingness to resolve them. As a result, Pinterest is left with no choice but to file this action to prevent confusion and to protect its trademark rights.

## FIRST CAUSE OF ACTION
### Trademark Infringement
### (15 U.S.C. § 1114)

27. Pinterest realleges and incorporates by reference the above allegations.

28. Pinterest is the owner of U.S. trademark registrations for its PINTEREST trademark and its PIN trademark. Each has priority over Defendant's first use of PINTRIPS, PIN or any other PIN-formative mark.

29. Defendants' use of PINTRIPS, PIN and any other PIN-formative mark is likely to cause confusion, or to cause mistake, or to deceive. The parties' trademarks are very similar, and their offerings are closely related.

30. Defendant had actual or constructive knowledge of Pinterest's trademark rights prior to beginning use of PINTRIPS, PIN or any other PIN-formative mark.

31. Pinterest has not consented to Defendant's use of PINTRIPS, PIN or any other PIN-formative mark. On the contrary, it has expressly objected to such use.

32. Defendant's unauthorized use of PINTRIPS, PIN and any other PIN-formative mark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

33. The willful and intentional nature of Defendant's trademark infringement makes this an exceptional case pursuant to 15 USC § 1117(a).

34. As a result of Defendant's trademark infringement, Pinterest has suffered damages in an amount to be determined at trial.

35. As a result of Defendant's trademark infringement, Pinterest has also suffered, and will in the future suffer, irreparable injury to its business, reputation, and goodwill. Pinterest will suffer such irreparable injury unless and until Defendant's misconduct is enjoined by the Court.

## SECOND CAUSE OF ACTION
### False Designation of Origin
### (15 U.S.C. § 1125(a))

36. Pinterest realleges and incorporates by reference the above allegations.

37. Pinterest is the owner of U.S. trademark registrations for its PINTEREST trademark and its PIN trademark. Each has priority over Defendant's first use of PINTRIPS, PIN or any other PIN-formative mark. In addition, Pinterest is the owner of common law rights in PINTEREST, PIN, and PIN IT that also precede Defendants' first use of PINTRIPS, PIN or any other PIN-formative mark.

38. Defendant's unauthorized use of PINTRIPS, PIN and any other PIN-formative mark falsely suggests that Defendant and its offerings are connected with, sponsored by, affiliated with, or related to Pinterest, or that Pinterest and its offerings are connected with, sponsored by, affiliated with, or related to Defendant.

39. Defendant's unauthorized use of PINTRIPS, PIN and any other PIN-formative mark constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

40. The willful and intentional nature of Defendant's false designation of origin makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

41. As a result of this false designation of origin, Pinterest has suffered damages in an amount to be determined at trial.

42. As a result of this false designation of origin, Pinterest has also suffered, and will in the future suffer, irreparable injury to its business, reputation, and goodwill. Pinterest will suffer such irreparable injury unless and until Defendant's misconduct is enjoined by the Court.

## THIRD CAUSE OF ACTION
### Trademark Dilution
### (15 U.S.C. § 1125(c))

43. Pinterest realleges and incorporates by reference the above allegations.

44. Plaintiff's PINTEREST trademark is famous. It is widely recognized among the general consuming public of the United States as a designation of source of the goods and services of Plaintiff.

45. Plaintiff's PINTEREST trademark became famous before Defendant started to use PINTRIPS, PIN or any other PIN-formative mark in commerce.

46. Defendant's unauthorized use of PINTRIPS, PIN and any other PIN-formative mark has, and will likely continue to have, an adverse effect upon the value and distinctive quality of the PINTEREST trademark. In particular, such unauthorized use of PINTRIPS, PIN and any other PIN-formative mark has diluted by blurring and will likely continue to dilute by blurring the PINTEREST trademark contrary to 15 U.S.C. § 1125(c).

47. As a result of this dilution by blurring, Pinterest has suffered damages in an amount to be determined at trial.

48. As a result of this dilution by blurring, Pinterest has also suffered and will in the future suffer, irreparable injury to its business, reputation, and goodwill. Pinterest will suffer such irreparable injury unless and until Defendant's misconduct is enjoined by the Court.

**FOURTH CAUSE OF ACTION**
**Unfair Competition**
**(Cal. Bus. & Prof. Code § 17200)**

49. Pinterest realleges and incorporates by reference the above allegations.

50. Defendant's conduct, namely, its unauthorized use of PINTRIPS, PIN and any other PIN-formative mark in a manner that is likely to cause confusion, or to cause mistake, or to deceive constitutes unfair competition under California Business and Professions Code § 17200.

51. Defendant's conduct is unlawful, unfair, and/or fraudulent.

52. As a result of this unfair competition, Pinterest has suffered damages in an amount to be determined at trial.

53. As a result of this unfair competition, Pinterest has also suffered, and will in the future suffer, irreparable injury to its business, reputation, and goodwill. Pinterest will suffer such irreparable injury unless and until Defendant's misconduct is enjoined by the Court.

# FIFTH CAUSE OF ACTION
## California Trademark Dilution
### (Cal. Bus. & Prof. Code § 14247)

54. Pinterest realleges and incorporates by reference the above allegations.

55. Plaintiff's PINTEREST trademark is famous. It is widely recognized among the general consuming public of the State of California as a designation of source of the goods and services of Plaintiff.

56. Plaintiff's PINTEREST trademark became famous before Defendant started to use PINTRIPS, PIN or any other PIN-formative mark in commerce.

57. Defendant's unauthorized use of PINTRIPS, PIN and any other PIN-formative mark has had, and will likely continue to have, an adverse effect upon the value and distinctive quality of the PINTEREST trademark. In particular, such unauthorized use of PINTRIPS, PIN and any other PIN-formative mark has diluted by blurring and will likely continue to dilute by blurring the PINTEREST trademark contrary to Cal. Bus. & Prof. Code § 14247.

58. As a result of this dilution by blurring, Pinterest has suffered damages in an amount to be determined at trial.

59. As a result of this dilution by blurring, Pinterest has also suffered and will in the future suffer, irreparable injury to its business, reputation, and goodwill. Pinterest will suffer such irreparable injury unless and until Defendant's misconduct is enjoined by the Court.

## PRAYER FOR RELIEF

Wherefore, Pinterest prays for relief as follows:

1. A judgment enjoining Defendant, and all of its agents, representatives, and affiliates, preliminarily and permanently, from (1) using PINTRIPS, PIN or any other PIN-formative trademark that is confusingly similar to Pinterest's PINTEREST, PIN and PIN IT trademarks; and (2) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Defendant and Pinterest;

2. A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Pinterest within thirty (30) days after entry of the injunction, a report in writing under

oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

3. A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendant's possession bearing any PIN-formative designation, including PINTRIPS and PIN;

4. A judgment that Defendant account for and disgorge to Pinterest all of the profits realized by Defendant, or others acting in concert or participating with Defendant, resulting from Defendant's acts of trademark infringement, trademark dilution, false designation of origin, and unfair competition;

5. A judgment awarding compensatory damages, plus interest, in an amount to be determined;

6. A judgment that Pinterest be awarded three times Defendant's profits from its use of PINTRIPS, PIN or any other PIN-formative mark, or three times Pinterest's damages, whichever is greater, together with its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) and (b);

7. A judgment that Pinterest recover the costs of this action plus interest; and

8. A judgment that Pinterest be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pinterest hereby demands a trial by jury on all issues so triable.

Dated: August 28, 2014

Respectfully submitted,

HARVEY SISKIND LLP
LAWRENCE J. SISKIND
DONALD A. THOMPSON
JANE A. LEVICH

By: _____/s/_____
Donald A. Thompson

Attorneys for Plaintiff
PINTEREST, INC.

-13-

FIRST AMENDED COMPLAINT                                    CASE NO. CV 13-04608-RS-KAW