UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINTEREST, INC., <br>         Plaintiff, <br>    v. <br> PINTRIPS, INC., <br>         Defendant. | Case No. 13-cv-04608-RS (KAW) <br><br> **ORDER DENYING MOTION FOR A PROTECTIVE ORDER** <br><br> Re: Dkt. No. 73 |

Before the Court is Defendant's motion for a protective order. Plaintiff opposes the motion. The Court held a hearing on this matter on September 4, 2014. Having considered the arguments of counsel and the parties filed by the parties, the motion is DENIED.

Defendant seeks an order (1) requiring Plaintiff to "seek leave of the Court before issuing any subpoenas or otherwise attempting to contact any of the investors and/or potential investors that [Defendant] will identify pursuant to the Court's Order of August 7, 2014 (Dkt. No. 68)," (2) providing Defendant "the opportunity to respond to any such leave that [Plaintiff ] may seek," and (3) giving Defendant three "business days to notify the investor or potential investor that a subpoena will be forthcoming, prior to [Plaintiff] issuing the subpoena" in the event such leave of Court is granted. (Mot. at 3, 4; Proposed Order, Dkt. No. 73-1.)

Defendant argues that such an order is warranted in this case for three reasons. First, it claims that Plaintiff should be required to propound discovery on already-identified sources before seeking information from third-party investors. (Mot. at 6, 7.) Second, it asserts that Plaintiff is deliberately raising the costs of litigation by not following this approach.[1] (*Id*. at 8.) Third, it

---

[1] More specifically, Defendant claims that Plaintiff wants to get at its "investors, jeopardize [its] sources of funding, and put [it] out of business." Def.'s Mot. at 2, Dkt. No. 73. It asserts that it

contends that permitting Plaintiff to propound discovery on third-party investors poses a serious threat to its business, which according to its CEO, cannot generate revenue sufficient to meet its capital needs. (*Id.* at 9; Gottlieb Decl. ¶ 8 ("[Defendant] relies on investor funding for the capital necessary to develop its business. Revenues to date for [Defendant] are insufficient to supply that capital.").)

The Court rejects Defendant's first and third arguments for the same reasons already stated in this Court's August 7, 2014 order. (Aug. 7, 2014 Order, Dkt. No. 68.) That order resolved the parties' joint discovery letter brief regarding interrogatories seeking the identities of certain advisors and investors with whom Defendant had admittedly discussed the above-captioned case. *(Id.)* The Court finds no reason to depart from its prior ruling.

As this Court reasoned in its August 7, 2014 order, Defendant's concern that investors may withdraw funding or that potential investors may be deterred from providing funding is speculation. (Aug. 7, 2014 Order at 3 ("[Defendant's] speculation that involving the third parties, with whom it has already discussed this litigation, will risk funding for their venture is insufficient.").) That Defendant's CEO submitted a declaration expressing his good faith basis for believing "investors and potential investors would react to the resulting intrusion by either ceasing to invest in [Defendant], or declining to invest or invest further in [Defendant]" does not change this analysis. (*See* Gottlieb Decl. ¶ 7.)

Moreover, the cases on which Defendant now relies on are inapposite.[2] In *Dart Industries Co. v. Westwood Chemical Co., Inc.*, 649 F.2d 646, 648 (9th Cir. 1980), the Ninth Circuit affirmed

---

has identified three advisors during discovery, and that if Plaintiff "really wanted to obtain information from third parties regarding [Defendant's] communications with its advisors," it could have obtained the information from the advisors Defendant lists on its website." *(Id.)* It also asserts that Plaintiff's "failure to notice any depositions [of Defendant or its employees] is yet another indication that [Plaintiff] is not really seeking information to prove its case." *(Id.)*

[2] The Court notes that Defendant did not, but obviously could have, cited these cases in the joint letter the August 7, 2014 order resolved. *See* Aug. 7, 2014 Order at 3 ("Defendant, however, does not cite to any legal authority where a court has excused compliance with a discovery request because the propounded discovery would potentially deter investors from giving a party funding.").

the district court's order quashing a subpoena duces tecum because a release agreement precluded the requested discovery. In *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 976 (Fed. Cir. 1993), the Federal Circuit affirmed the district court's order denying a motion to compel, finding that it was not an abuse of discretion to stay discovery against non-parties where the "a review of [the propounding party's] discovery odyssey show[ed] that is has clearly exceeded the bounds afforded civil litigants by the discovery rules." In *Micro Motion, Inc. v. Kane Steel, Co.*, 894 F.2d 1318, 1324 (Fed. Cir. 1990), the Federal Circuit reversed the district court's order quashing a subpoena only in part. The Federal Circuit concluded that it was an abuse of discretion to order discovery on matters for which the district court had required "no more . . . than a theoretical argument that the requested information 'somehow relates to [the] pending . . . action.'" *Id.* at 1325. In *Harris v. Wells*, Nos. B-89-391(WWE), B-89-483 (WWE), 1990 WL 150445, at * 4 (D. Conn. Sept. 5, 1990), the district court granted a motion for a protective order staying discovery from 23 non-parties where it had ordered production of materials which would potentially render non-party discovery duplicative and unnecessary. These cases are not on point.

Defendant's remaining argument fares no better. Its claim that the Court did not "have before it the full scope of [Plaintiff's] 'discovery efforts'" at the time it issued the August 7, 2014 order is not persuasive. (*Id.*) Its assertion that "[a] look at [Plaintiff] overall tactics paints a very different picture from the innocuous one that [Plaintiff] has presented to the Court" similarly lacks merit. Indeed, it appears that Plaintiff has attempted to do what it is entitled to in this case— propound discovery on matters relevant to the parties' claims and defenses. *See* Fed. R. Civ. P. 26. It has propounded subpoenas on only a few non-parties to date, and as Defendant concedes, Plaintiff has taken no discovery on any of its employees. (Def.'s Mot. at 4, 5.) In light of this information, the Court cannot properly find that Plaintiff is engaging in a fishing expedition or other conduct warranting judicial intervention.

In short, Defendant's belief that a protective order is appropriate in light of Plaintiff's "apparent discovery strategy" does not constitute a particularized showing of harm. Such a showing is necessary for a protective order to issue. *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, C-11-05973 PSG, 2012 WL 1232105, at *2 (N.D. Cal. Apr. 12, 2012) (footnote omitted)

3

("good cause requires the moving party to show that specific prejudice or harm will result if the protective order is not issued"). As Defendant has not met this burden, its motion is DENIED. Accordingly, Defendant shall supplement its responses to interrogatories nos. 16 and 17, as set forth in this Court's August 7, 2014 order, by no later than September 8, 2014. It should be noted that at the hearing on the motion, Defendant revealed that it will be producing a list of approximately 60 additional investors not previously disclosed. Plaintiff may very well need to obtain discovery from some of these third parties.

**IT IS SO ORDERED.**

Dated: 09/04/14

KANDIS A. WESTMORE
United States Magistrate Judge