UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINTEREST, INC.,<br><br>    Plaintiff,<br>v.<br><br>PINTRIPS, INC.,<br><br>    Defendant. | Case No. 13-cv-04608-RS (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 82 |

Defendant seeks to depose Plaintiff's CEO, Benjamin Silbermann and its Creative Team Leader, Evan Sharp. (Joint Ltr. at 1, 2, Dkt. No. 82.) Plaintiff objects, arguing that Defendant has not made the requisite showing under the "apex doctrine." (*Id.* at 4.)

"In determining whether to allow an apex deposition [i.e., the deposition of a high-level executive], courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Apple Inc. v. Samsung Elecs. Co., Ltd.,* 282 F.R.D. 259, 263 (N.D. Cal. 2012) (allowing two-hour deposition of Samsung's CEO where Apple had made a concrete showing as to the CEO's first-hand knowledge of policies and strategies at issue in the litigation and where it had shown efforts to obtain information from lower-level employees were unsuccessful).

Here, Defendant has not made the requisite showing. Defendant asserts that Silbermann and Sharp "have unique first-hand knowledge, as the identified custodians of documents which Pinterest has produced in this case. Because the produced documents are Mr. Silbermann's and Mr. Sharp's, there is no one of Pinterest more suitable to ask about the documents." (Joint Ltr. at 2.) These assertions fall short of establishing that these individuals have any, unique, first-hand,

non-repetitive knowledge of the facts at issue in this case. *(Id.)* Defendant claims that Silbermann and Sharp authored many of these documents, so they have first-hand knowledge about them. (*Id.* at 3.) Still, Defendant has not filed these documents with the parties' joint letter, and it does not give any details about what these documents contain. (*See generally* Joint Ltr.) The mere fact that Silbermann and Sharp authored documents that have been produced in this case, without knowing what these documents contain, does not support a finding that these individuals have unique, first-hand, non-repetitive knowledge of the facts at issue in this case.

Defendant also asserts that Silbermann led an event and delivered an announcement concerning Plaintiff's plans to enter the travel sector. (Joint Ltr. at 2.) Again, Defendant has not explained why Silbermann's first-hand knowledge about what he said at that event would be related to the facts at issue in this case. (*See generally* Joint Ltr.) The Court declines to advance a theory of relevance on Defendant's behalf.

The Court is not persuaded that Silbermann and Sharp possess any knowledge that would entitle Defendant to depose them. *Cf. Apple*, 282 F.R.D. at 264 (allowing CEO's deposition where Apple had provided emails and meeting minutes showing CEO had presided over meetings and discussions concerning matters at issue in the litigation). Because Defendant has failed to satisfy the first-step of the test that governs this dispute, the Court need not reach the question of whether Defendant has met the second prong of that test.

For the reasons set forth above, Defendant's request to depose Silbermann and Sharp is DENIED.

**IT IS SO ORDERED.**

Dated: 09/12/14

_____
KANDIS A. WESTMORE
United States Magistrate Judge