UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINTEREST, INC.,<br><br>        Plaintiff,<br>   v.<br><br>PINTRIPS, INC.,<br><br>        Defendant. | Case No.  13-cv-04608-RS   (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 72 |

The parties in the above-captioned case filed a joint discovery letter in which they dispute whether Anthony Falzone may be nominated as "Designated House Counsel" under the stipulated protective order entered in this case.

To resolve this dispute, the Court must balance the risk of inadvertent disclosure of trade secrets to competitors against the risk that the protection of such information will impair a plaintiff's ability to prosecute its case. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). Accordingly, "the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party, whether counsel be in-house or retained, must govern any concern for inadvertent or accidental disclosure." *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984); *see also Brown Bag Software*, 960 F.2d at 1470 ("Thus, proper review of protective orders in cases such as this requires the district court to examine factually all the risks and safeguards surrounding inadvertent disclosure by *any* counsel, whether in-house or retained.") (emphasis in original).

In order to properly determine Mr. Falzone's role at Pinterest, the Court requires more than Plaintiff's counsel's representation that Mr. Falzone is engaged in a variety of tasks that do not constitute competitive decision-making. Accordingly, the Court orders Mr. Falzone to prepare a

declaration, under penalty of perjury, that details his duties and responsibilities in sufficient detail so that the parties, and if necessary, the Court, are able to determine whether any of his work constitutes competitive decision-making.  Mr. Falzone shall exchange this declaration with Defendant, and the parties shall meet and confer to discuss whether Mr. Falzone's duties and responsibilities, as described in his declaration, constitute competitive decision-making.  If the parties are unable to reach a resolution, they may file, together with Mr. Falzone's declaration, an updated joint letter on the issue.  Upon receipt of any updated joint letter, the Court will determine whether an evidentiary hearing is necessary to fully evaluate whether Mr. Falzone engages in any competitive decision-making.

**IT IS SO ORDERED.**

Dated:  09/15/2014

KANDIS A. WESTMORE
United States Magistrate Judge