# HARVEY ■ SISKIND LLP

Lawrence J. Siskind

September 26, 2014

**VIA ELECTRONIC CASE FILING**

The Honorable Kandis A. Westmore
United States Magistrate Judge
United States District Court
Courtroom 4 - 3rd Floor
1301 Clay Street
Oakland, CA 94612

Re: *Pinterest, Inc. v. Pintrips, Inc.*
Case No. C 13-04608-RS-KAW

Your Honor:

This letter concerns the continuing dispute about whether Anthony Falzone may be nominated as "Designated House Counsel" under the stipulated protective order in this case. The parties attest that they met and conferred about this dispute in person and have been unable to reach a resolution.

/Lawrence J. Siskind/
Harvey Siskind LLP
Counsel for Pinterest, Inc.

/Frank L. Bernstein/
Kenyon & Kenyon LLP
Counsel for Pintrips, Inc.

A declaration by Anthony Falzone is attached as Exhibit A.

### PLAINTIFF PINTEREST'S POSITION

Pursuant to this Court's Order Regarding Joint Discovery Letter, issued on September 15, 2014, Anthony Falzone prepared a declaration detailing his duties and responsibilities at Pinterest. Mr. Falzone made a good-faith effort to describe his duties and responsibilities in sufficient detail so that Defendant's Counsel and this Court are able to determine whether any of his work constitutes competitive decision-making.

As the attached Declaration shows, Mr. Falzone is not a competitive decision-maker. Accordingly, Pinterest asks the Court to accept Mr. Falzone's nomination as Designated House Counsel.

The Honorable Kandis A. Westmore
September 26, 2014
Page 2

Pinterest will be pleased to discuss this matter with the Court, and to provide any further briefing the Court may request. Pinterest notes that an important deposition is scheduled for October 2, 2014, and that resolution of this matter before then would be very helpful to the orderly process of discovery.

## DEFENDANT PINTRIPS' POSITION

Pintrips believes that Mr. Falzone's Declaration is insufficient to enable Pinterest to carry its burden of demonstrating that Mr. Falzone is not involved in competitive decision making. Moreover, there are details missing from Mr. Falzone's Declaration which, if included, would make Pinterest unable to carry its burden. For example, Mr. Falzone's Declaration is silent on the very issue which prompted Pintrips to bring this issue before the Court – that Mr. Falzone is involved in competitive decision making by virtue of his having unlimited authority to settle this lawsuit with Pinterest's competitor, Pintrips. Mr. Falzone is Pinterest's CEO of this litigation, but he says nothing about it in his Declaration.

### Factual Background

Pintrips received Mr. Falzone's Declaration on September 19, with a request from Pinterest's counsel to meet and confer in person on Tuesday, September 23. At that meet and confer, Pintrips' counsel requested additions to Mr. Falzone's Declaration, in two areas:

1) Disclosure of Mr. Falzone's authority to settle the Pintrips litigation without having to consult anyone else at Pinterest.

2) Disclosure of Mr. Falzone's authority to settle other trademark disputes.

Late on Wednesday, September 24, Pinterest's counsel informed Pintrips' counsel that Mr. Falzone would not be changing his Declaration.

Yesterday, during another in-person discussion, Pintrips' counsel asked if Pinterest would make Mr. Falzone available for a deposition. The answer was no. Pintrips' counsel then noted the alternative of an expedited evidentiary hearing with the Court, in view of Pinterest's anxiety about getting this issue resolved before October 2, when the deposition of Stephen Gotlieb, Pintrips' CEO, will occur. Pinterest's counsel advised that Mr. Falzone was out of the country.

### Mr. Falzone's Declaration Fails to Carry Pinterest's Burden

In its Order (Dkt. No. 89), the Court ordered Mr. Falzone "to prepare a declaration, under penalty of perjury, that details his duties and responsibilities in sufficient detail so that the

The Honorable Kandis A. Westmore
September 26, 2014
Page 3

parties, and if necessary, the Court, are able to determine whether any of his work constitutes competitive decision-making." Mr. Falzone's Declaration is factually deficient, but the facts it does state clearly imply that Mr. Falzone is involved in competitive decision making.

Mr. Falzone describes his intellectual property responsibilities as follows:

a. Intellectual Property. I am responsible for setting and executing the Company's worldwide strategy on all aspects of intellectual property, including copyright, patent, trademark and trade secret matters. This includes protecting the Company's intellectual property and advising it on its intellectual property rights, as well as on the intellectual property rights of others.

Falzone Declaration, para. 5.

"Executing the Company's worldwide strategy on all aspects of intellectual property" and "protecting the Company's intellectual property" presumably would encompass acquisition of rights, acquisition of companies with IP rights, what to pay for those rights, and settlement of disputes, including this litigation with one of Pinterest's competitors. Nothing in Mr. Falzone's Declaration rebuts this presumption. This is precisely why Mr. Falzone's Declaration fails to carry Pinterest's burden.

## CONCLUSION

The parties await further input from the Court.

Respectfully submitted,

*/s/ Lawrence J. Siskind*
Lawrence J. Siskind
Harvey Siskind LLP
Counsel for Pinterest, Inc.


*/s/ Frank L. Bernstein*
Frank L. Bernstein
Kenyon & Kenyon LLP
Counsel for Pintrips, Inc.

The Honorable Kandis A. Westmore
September 26, 2014
Page 4

    I, Lawrence Siskind, am the ECF user whose identification and password are being used to file this document. Pursuant to Civil Local Rule 5.1, I hereby attest that counsel for Defendant has concurred in this filing.

                                          */s/ Lawrence J. Siskind*

# Exhibit A

I, Anthony Falzone, declare:

1.  My name is Anthony Falzone. I have firsthand personal knowledge of the following facts, and could and would testify competently thereto if called upon to do so.

2.  I am Deputy General Counsel at Pinterest, Inc. ("Pinterest"). I joined the Company in June 2012. I report to Michael Yang, the Company's General Counsel. The Company's other Deputy General Counsel, Jess Finkelstein, also reports to Mr. Yang.

3.  Prior to joining Pinterest, I was a Lecturer in Law at Stanford Law School where I was also the co-founder and Executive Director of the Fair Use Project at Stanford's Center for Internet and Society. I was also a litigation partner in the San Francisco office of Bingham McCutchen. I have been a member in good standing of the State Bar of California since December 1997.

4.  Pinterest is a global Internet company with approximately 400 employees. In addition to our San Francisco headquarters, we have several offices around the United States, as well as small offices in the United Kingdom, France, Tokyo, Germany and Brazil.

5.  The small size of our legal team and the dynamic nature of the industry we work in require each one of us to cover a lot of ground. My assigned responsibilities fall into the following general areas:

    a.  Intellectual Property. I am responsible for setting and executing the Company's worldwide strategy on all aspects of intellectual property, including copyright, patent, trademark and trade secret matters. This includes protecting the Company's intellectual property and advising it on its intellectual property rights, as well as on the intellectual property rights of others.

    b.  Litigation. I am responsible for handling all of the Company's litigation in all forums around the world. This includes setting litigation strategy, hiring and managing outside counsel, and coordinating our internal litigation support.

    c.  International Expansion. In connection with opening foreign offices, the Company sets up subsidiaries as needed to comply with local legal requirements, attract talent, or to optimize our tax structure. I am responsible for providing all legal support necessary to create and maintain these subsidiaries. This includes structuring these international subsidiaries, incorporating them, and handling their ongoing legal needs. As part of these responsibilities, I serve on the Board of Directors of several foreign subsidiaries.

    d.  Human Resources. I am responsible for supporting the human resources team on all hiring, labor and employment issues.

    e.  Product Teams. I provide legal counseling to product teams to help them identify, assess and minimize legal risk in the products they're developing, and to ensure our

products comply with applicable legal requirements (e.g. privacy rules, COPA requirements relating to age restrictions, CAN-SPAM issues, etc.).

6. Although the vast majority of my work falls into these areas of responsibility, I do handle a variety of things outside these areas as needed. This may include, for example, corporate work, contract negotiations, reviewing vendor agreements, or advising on legal and policy issues concerning content (defamation, publicity rights, nudity, impersonation).

7. Although my responsibilities are broad and fluid, they do not involve competitive decision-making. For example, in the area of intellectual property, I may advise the Company on whether a new product qualifies for copyright or patent protection, or what we need to do to comply with specific statutory requirements. But I am not involved in deciding what new products to develop, or how to market or price them. In the area of litigation, I will advise the Company on whether it has viable claims against another business entity and whether to pursue them. But I am not involved in identifying competitors or in devising business strategies for dealing with them. In the area of international operations, I am involved in setting up foreign subsidiaries. But those subsidiaries exist to satisfy local legal requirements or for tax purposes. The employees of those subsidiaries may help formulate marketing or competitive strategy in foreign markets, but I do not do so, either in my role as a lawyer or as a Board member of foreign subsidiaries. In the area of human resources, I will advise the Company on employment law issues, but I am not involved in devising recruiting strategies. In regard to product teams, I help identify legal risks and ways to mitigate them; I also identify legal requirements that must be met and how to a product should be brought into compliance with them. But I am not involved in deciding which products the Company should develop or eliminate. I may fill-in as needed on a contract negotiation or a financing event, but I do not decide which strategic partners to approach, or how to capitalize the Company.

8. To illustrate the boundaries of my role at the Company in an area relevant to this litigation, I advised business and product teams on legal issues relating to "Place Pins" (including for example copyright, trademark, contract and privacy issues), but I was not involved in the Company's decision to develop "Place Pins," and I was not involved in designing or testing the product, or deciding how to market it.

9. In my role as litigation supervisor, I hired the law firm of Harvey Siskind LLP for this case. This is the first and only court litigation handled by that firm for Pinterest. Because of the firm's limited experience with our Company, I consider it especially important that I be in a position to supervise them closely. In order to do that, I need to have much information about the litigation as possible.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 19, 2014 in San Francisco, California.

Anthony Falzone