UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINTEREST, INC., <br><br> Plaintiff, <br><br> v. <br><br> PINTRIPS, INC., <br><br> Defendant. | Case No. 13-cv-04608-RS   (KAW) <br><br> **ORDER REGARDING DISCOVERY LETTER BRIEF, ADMINISTRATIVE MOTION TO SEAL, & MOTION FOR SANCTIONS** <br><br> Re: Dkt. Nos. 76, 94, 95 |

On October 10, 2014, the parties in the above-captioned case filed a joint letter brief in which they outline a number of outstanding discovery disputes. (Joint Ltr., Dkt. No. 94.) Plaintiff has also filed an administrative motion to file exhibits to the letter brief under seal. (Pl.'s Mot., Dkt. No. 95.) In the joint letter, the parties indicate that they have only met and conferred about some of their disputes. This is insufficient.

The parties are ordered to meet and confer to resolve *all* outstanding discovery disputes prior to seeking court intervention. *See* General Standing Order ¶ 12. Additionally, the parties are ordered to review the Northern District's Guidelines for Professional Conduct (available at *http://cand.uscourts.gov/professional_conduct*), with particular attention paid to the Discovery section.

To the extent the parties dispute the adequacy of Defendant's compliance with Fed. R. Civ. P. 34, Paragraph 14 of the Court's Standing Order should guide the parties' meet and confer efforts. That paragraph provides:

> In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state, in a written response served on all other parties, the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such

materials might plausibly exist.  It shall not be sufficient to object and/or state that "responsive" materials will be or have been produced.

General Standing Order ¶ 14 (emphasis in original).

As the parties have not sufficiently met and conferred, their joint discovery letter brief is terminated, and Plaintiff's administrative motion to file exhibits under seal is terminated as moot. In the event the parties are unable to resolve their disputes after meeting and conferring, they may seek leave from the presiding judge to extend the deadline for filing a joint letter.  *See* Civil Local Rule 37-3 ("Where the Court has set separate deadlines for fact and expert discovery, no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off . . . ."). The parties may file an updated joint letter only if the presiding judge grants such leave.  Any updated joint letter must conform to the Court's General Standing Order, including the requirement that the parties file separate letters for each discovery dispute.  *See* General Standing Order ¶ 13.  The joint letter must also contain a certification by the parties that they have reviewed and complied with the Northern District's Guidelines for Professional Conduct.

With respect to the motion for sanctions filed on August 27, 2014, the Court ordered Plaintiff to re-notice its motion for hearing according to Civil Local Rule 7-2.  (Aug. 29, 2014 Order, Dkt. No. 79.)  As of the filing of this order, Plaintiff has not done so.  Plaintiff shall re-notice its motion within 7 days of this order.  Otherwise, the motion will be deemed withdrawn.

**IT IS SO ORDERED**.

Dated: 10/17/2014

KANDIS A. WESTMORE
United States Magistrate Judge

2