| | |
|---|---|
| 1 | HARVEY SISKIND LLP |
| | LAWRENCE J. SISKIND (SBN 85628) |
| 2 | Email: siskind@harveysiskind.com |
| | DONALD A. THOMPSON (SBN 260076) |
| 3 | Email: dthompson@harveysiskind.com |
| | JANE A. LEVICH (SBN 293299) |
| 4 | Email: jlevich@harveysiskind.com |
| | Four Embarcadero Center, 39th Floor |
| 5 | San Francisco, California 94111 |
| | Telephone: (415) 354-0100 |
| 6 | Facsimile: (415) 391-7124 |
| 7 | |
| | Attorneys for Plaintiff |
| 8 | PINTEREST, INC. |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PINTEREST, INC., a Delaware corporation, | Case No. C 13-4608 RS KAW |
| Plaintiff, | **PINTEREST'S NOTICE OF MOTION AND MOTION FOR SANCTIONS** |
| v. | Hearing Date:  December 4, 2014 |
| PINTRIPS, INC., a Delaware corporation, | Time:  11:00 a.m. |
| Defendant. | Judge:  Hon. Kandis Westmore |
| AND RELATED COUNTERCLAIMS | |

## NOTICE OF MOTION

Please take notice that at 11:00 a.m. on Thursday, December 4th, 2014, or as soon thereafter as the matter may be heard, in the Court captioned above, located at 1301 Clay Street, Oakland, California, Plaintiff Pinterest, Inc. ("Pinterest") will, and hereby does, move for sanctions under Federal Rule of Civil Procedure 37 and Local Rule 37-4 against Defendant Pintrips, Inc. ("Pintrips") and its law firm, Kenyon & Kenyon LLP.

## STATEMENT OF THE ISSUE

The sole issue is whether Pintrips and its law firm should be sanctioned for disobeying two Orders from this Court to disclose the identities of "certain advisors" with whom Pintrips has communicated about Pinterest and this case, and for engaging in related gamesmanship. *See* Dkt. #68, #83.

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

Pintrips has disobeyed two Orders from this Court to identify the names and locations of "certain advisors" with whom it has communicated about Pinterest and this case. *See* Dkt. #68, #83.[1]

The first such Order, which issued on August 7, 2014, clearly stated: "Defendant shall supplement its responses to interrogatory numbers 16 and 17 with the names and locations of the potential investors ***and certain advisors*** it referred to in its interrogatory responses." Dkt. #68 at p.4 (emphasis added). The second such Order, which issued on September 4, 2014, again clearly stated: "Defendant shall supplement its responses to interrogatories nos. 16 and 17, ***as set forth in this Court's August 7, 2014 order***." Dkt. #83 at p.4.

Pintrips continues to disobey both Orders by failing to identify the "certain advisors" with whom it has communicated about this case, and it continues to engage in gamesmanship surrounding interrogatory numbers 16 and 17. On September 4, 2014, Pintrips produced a list – apparently in

---

[1] These Orders followed a tortured meet and confer process that lasted nearly seven months, as detailed in the Declaration of Donald A. Thompson in Support of Motion for Sanctions submitted herewith ("Thompson Decl.").

-1-

further response to interrogatory numbers 16 and 17 – which identified 63 "investors and potential investors" (but no advisors). *See* Thompson Decl. ¶ 19; Motion to File Documents Under Seal, Exh. G. On October 23, 2014, Pintrips produced supplemental responses to interrogatory numbers 16 and 17 which identified 64 "investors and potential investors" (but, again, no advisors). *See* Thompson Decl. ¶ 22; Motion to File Documents Under Seal Exh. K. In an apparent effort to bury a needle in a haystack, Pintrips did not specify the "investors and potential investors" with whom it had actually communicated about Pinterest or this case. *See* Motion to File Documents Under Seal, Exh. G, K. More troubling still, its executive officers could not recall or disclose crucial details about their list of "investors and potential investors" under oath. *See* Motion to File Documents Under Seal Exh. H, I. Perhaps most troubling of all, Pintrips still has not identified the "certain advisors" with whom it has communicated about Pinterest or this case, in defiance of two Court Orders. *See* Motion to File Documents Under Seal, Exh. G, K.

**ARGUMENT**

A party that fails to answer an interrogatory, its attorney, or both, must be ordered "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Accordingly, Pintrips and its law firm should be ordered to pay at least $22,125 for their failure to identify the "certain advisors" with whom Pintrips has communicated about Pinterest and this case, and for engaging in related gamesmanship. There is no excuse for their failure, which has caused Pinterest to incur (a) at least $9,750 in attorneys' fees, so far, to prepare two motions for sanctions (*See* Dkt #76, 79), (b) at least $5,250 in attorneys' fees to oppose a related motion for a protective order (*See* Dkt. #77, #83), (c) at least $2,625 in attorneys' fees to meet and confer about Pintrips' responses to interrogatory numbers 16 and 17, and (d) at least $4,500 in attorneys' fees to prepare joint letters about Pintrips' responses to interrogatory numbers 16 and 17. Thompson Decl. ¶ 1.

In addition, a party may be held in contempt of court for failure to obey any order. Fed. R. Civ. P. 37(b)(2)(A)(vii), (d)(3). Pintrips should be held in contempt unless and until it obeys the

1 | Orders from this Court concerning interrogatory numbers 16 and 17. *See* Dkt. #68, #83.

## CONCLUSION

For the foregoing reasons, Pinterest should be awarded sanctions from Pintrips and its law firm in the total amount of $22,125, and Pintrips should be held in contempt.

Dated: October 28, 2014　　　　　　　　　　Respectfully submitted,

HARVEY SISKIND LLP
LAWRENCE J. SISKIND
DONALD A. THOMPSON
JANE A. LEVICH

By:　　　　/s/
　　　　Donald A. Thompson

Attorneys for Plaintiff
PINTEREST, INC.

-3-
NOTICE OF MOTION & MOTION FOR SANCTIONS　　　　　　　　　　CASE NO. C 13-4608 RS KAW