United States District Court
Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7

8    PINTEREST, INC.,                        Case No.  13-cv-04608-RS   (KAW)
             Plaintiff,
9
        v.                                   **ORDER DENYING RENEWED
10                                           ADMINISTRATIVE MOTION TO FILE
     PINTRIPS, INC.,                         UNDER SEAL**
11
             Defendant.                      Re: Dkt. No. 107
12

13

14       Before the Court is Defendant's renewed administrative motion to file documents under

15   seal.  Plaintiff opposes the motion, which is now ripe for ruling pursuant to Civil Local Rules 79-

16   5(d) and 7-11(c).  For the reasons set forth below, the motion is DENIED.

17                            **I.    BACKGROUND**

18       On November 7, 2014, this Court denied Plaintiff's administrative motion to file four

19   exhibits to its motion for sanctions under seal.  (Nov. 7, 2014 Order, Dkt. No. 104.)  The exhibits

20   included a list of investors and potential investors, portions of deposition transcripts, and

21   responses to interrogatories.  (Pl.'s Mot., Exs. G-I, K, Dkt. No. 103.)  Plaintiff brought the motion

22   for the sole reason that the exhibits "contain information disclosed during discovery that

23   Defendant . . . designated as 'Highly Confidential – Attorneys' Eyes Only."  (*Id.* at 1, 2.)

24       On November 14, 2014, Defendant filed a "Renewal of Administrative Motion to File

25   Under Seal."[1]  (Def.'s Mot., Dkt. No. 107.)  In the motion, Defendant requests that the four

26

27   _____

28   [1] Despite this caption, Defendant docketed the motion as one for reconsideration.  The Court notes
     that construed as such, the filing would be improper because Defendant has not sought leave of
     Court as required by Civil Local Rule 7-9(b).

1    exhibits at issue in Plaintiff's motion, which have now been filed on the public docket, be filed

2    under seal.  (*Id.* at 1.)

3    **II.      LEGAL STANDARD**

4            Courts have long recognized a general right to inspect and copy public records and

5    documents, including judicial records and filings.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

6    597 (1978).  Unless a particular record is one traditionally kept secret, i.e., grand jury transcripts

7    or pre-indictment warrant materials, a strong presumption in favor of access applies.  *Kamakana v.*

8    *City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

9            Two standards generally govern motions to file documents under seal.  *Pintos v. Pac.*

10   *Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).  The "compelling reasons standard" applies to

11   most court documents, including those filed in connection with a dispositive motion, while the

12   "good cause" standard applies to private materials "unearthed during discovery," including those

13   filed in connection with a non-dispositive motion.  *Id.*; *Phillips v. General Motors Corp.*, 307 F.3d

14   1206, 1213 (9th Cir. 2002).

15          Because sealed discovery documents attached to a non-dispositive motion "are often

16   unrelated or only tangentially related to the underlying cause of action," the usual presumption of

17   access is rebutted.  *Kamakana*, 447 F.3d at 1179 (citing *Phillips*, 307 F.3d at 1213) (internal

18   quotations and further citations omitted).  For this reason, a "particularized showing" of good

19   cause as contemplated by Federal Rule of Civil Procedure 26(c) will suffice to seal documents

20   produced in discovery and attached to non-dispositive motions.  *Kamakana*, 447 F.3d at 1180;

21   *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (holding that the

22   *Phillips* exception is "expressly limited to the status of materials filed under seal when attached to

23   a non-dispositive motion").  The moving party must demonstrate "for each particular document it

24   seeks to protect, . . . that specific prejudice or harm will result if no protective order is granted."

25   *Foltz*, 331 F.3d at 1130.  Broad allegations of harm, unsubstantiated by specific examples or

26   articulated reasoning are insufficient.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476

27   (9th Cir. 1992).

28          In this district, motions to file documents under seal in civil cases are governed by Civil

United States District Court<br>Northern District of California

2

1    Local Rule 79-5.  That rule provides:  "A sealing order may issue only upon a request that

2    establishes that the document, or portions thereof, are privileged, protectable as a trade secret or

3    otherwise entitled to protection under the law . . . ."  Civil L.R. 79-5(b).  In addition, if a party

4    seeks "to file under seal a document that has been designated confidential by an opposing party or

5    a non-party . . . the designating party must file a declaration establishing that all of the designated

6    material is sealable."  Civil L.R. 79-5(e).  "Reference to a stipulation or protective order that

7    allows a party to designate certain documents as confidential is not sufficient to establish that a

8    document, or portions thereof, are sealable."  Civil L.R. 79-5(d)(1)(A).

### III.    DISCUSSION

#### A.    The Court's November 7, 2014 order denying Plaintiff's administrative motion to file documents under seal

In the order denying Plaintiff's administrative motion to file documents under seal, the
Court explained that the sole reason for bringing the motion, i.e., that Defendant designated the
information confidential pursuant to the parties' stipulated protective order, was insufficient to
establish that the documents were sealable pursuant to Civil Local Rule 79-5(b).  (Nov. 7, 2014
Order at 1 (citing Civil L.R. 79-5(b)).)  The Court explained that, as stated in Civil Local Rule 79-
5(d)(1)(A), "'[r]eference to a stipulation or protective order that allows a party to designate certain
documents as confidential is not sufficient to establish that a document, or portions thereof, are
sealable.'"  (Nov. 7, 2014 Order at 2 (citing Civil L.R. 79-5(d)(1)(A)).)  The Court also highlighted
that Defendant had not, as required by Civil Local Rule 79-5(e)(1), filed a "'declaration . . .
establishing that all of the designated material is sealable.'"  (Nov. 7, 2014 Order at 1-2 (citing
Civil L.R. 79-5(e)(1)).

#### B.    Defendant's renewed administrative motion to file documents under seal

In its renewed motion, Defendant essentially challenges the Court's previous order based
on two declarations from Defendant's founder and CEO, Stephen Gotlieb.  (Def.'s Mot. at 1.)  The
first declaration, filed on August 21, 2014, was submitted in support of a motion for a protective
order[2] concerning certain discovery to be propounded on Defendant's investors.  (Mot. for

_____

[2] The Court denied the motion for a protective order.  It determined that Mr. Gotlieb's good faith

3

Protective Order, Dkt. No. 73.)  That declaration reads, in pertinent part:

> 6.      Pintrips is prepared, willing, and able to comply with this Court's order.  Pintrips remains concerned about the possible crippling harm that would result from Pinterest's taking the identifying information about the investors and potential investors, and issuing subpoenas to those individuals.
> 7.      I have a good faith basis to believe that, were Pinterest to issue such subpoenas, Pintrips' investors and potential investors would react to the resulting intrusion by either ceasing to invest in Pintrips, or declining to invest or invest further in Pintrips.
> 8.      As a startup, similarly to Pinterest, Pintrips relies on investor funding for the capital necessary to develop its business.  Revenues to date for Pintrips are insufficient to supply that capital.  If Pintrips were to no longer receive funding from investors, Pintrips' ability to continue in business would be severely compromised.

(Gotlieb Decl. I, Dkt. No. 73-13.)  This declaration was not filed within four days of Plaintiff's motion to file documents under seal, *see* Civil Local Rule 79-5(e)(1), nor was it included with Defendant's renewed motion.  (*See* Def.'s Mot.)

The relevant portion of the second declaration, dated November 13, 2014, reads:

> 4.      Exhibits G, H, I, and K of Pinterest's Motion for Sanctions contain Pintrips' highly confidential information, relating to identification of Pintrips' investors and potential investors (Exhibits G and K), and questioning of me by Pinterest's counsel at my deposition about investors and potential investors (Exhibits H and I).
> 5.      My August 21, 2014 Declaration indicated the extreme sensitivity of information relating to Pintrips' investors and potential investors.  The sensitivity of this information has remained unchanged since then.

(Gotlieb Decl. II, Dkt. No. 107-1.)  This is the only declaration filed with the instant motion.

This Court rejects Defendant's position that it was Plaintiff's responsibility to reference the declaration in its motion to file under seal.  Civil Local Rule 79-5(e)(1) only requires that a party seeking to file another party's confidential information under seal (1) identify the document that contains the designated confidential material, (2) identify the party that has designated the material as confidential, and (3) serve a declaration containing that information on the designating party. The responsibility to file a supporting declaration that establishes the sealable nature of the material at issue falls squarely on the designating party, in this case, Defendant.  Civil L.R. 79-

belief that involving Defendant's investors in this litigation would cripple its business was speculation.  Sept. 4, 2014 Order, Dkt. No. 83.  The declaration did not establish good cause then, and as discussed below, it does not establish good cause now.

4

United States District Court
Northern District of California

1    5(e)(1) ("Within 4 days of the filing of the Administrative Motion to File Under Seal, the

2    Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that

3    all of the designated material is sealable.").  If, as Defendant asserts, "Mr. Gotlieb's August 21

4    Declaration adequately placed before the Court the highly confidential nature of the information

5    contained in the Exhibits sought to be filed under seal," then Defendant should have filed it in

6    response to Plaintiff's motion, or, at the very least, together with the instant motion.

7           Nonetheless, even if the August 21 declaration were properly before the Court, it does not,

8    either by itself or together with the November 13 declaration, establish good cause for sealing the

9    documents at issue.  Neither Mr. Gotlieb's beliefs about the possible effects of involving

10   Defendant's investors in this litigation, nor his opinions about the sensitivity of the documents at

11   issue, establish good cause for filing the documents under seal.  These broad allegations of harm,

12   unsubstantiated by specific examples or articulated reasoning, fall short of the particularized

13   showing necessary to justify a sealing order.  *See, e.g., In re Blackwell*, 263 B.R. 505 (W.D. Tex.

14   2000) (bankruptcy court abused its discretion by permitting investors to conceal their identities in

15   court documents because they feared for their safety).  *Cf. Caxton Int'l Ltd. v. Reserve Int'l*

16   *Liquidity Fund, Ltd.*, No. 09 Civ. 782 (PGG), 2009 WL 2365246, at *6 (S.D.N.Y. July 30, 2009)

17   (permitting filing of investor names under seal because in cases involving non-party investors in

18   certain funds or non-party customers of a business, "courts in th[e] District have allowed parties"

19   to do so).  In this District, motions to file under seal are not granted as a matter of course.  A party

20   must make the requisite showing.  Here, Mr. Gotlieb's statements simply fail to establish that "the

21   document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to

22   protection under the law."  *See* Civil L.R. 79-5(b).

23          In addition, while Mr. Gotlieb's August 21 declaration may have had some understandable

24   connection to Defendant's earlier motion for a protective order, it does not help Defendant here.

25   In that declaration, Mr. Gotlieb stated that his company would suffer "crippling harm" if the

26   identity of his company's investors and potential investors were revealed to Plaintiff.  (*See* Gotlieb

27   Decl. I ¶ 6.)  Yet Plaintiff now knows the identities of those investors and potential investors, *see*

28   Pl.'s Opp'n at 3, and interestingly, Mr. Gotlieb's November 13 declaration is free of any reference

5

United States District Court
Northern District of California

1    to any harm, much less crippling harm, that has resulted from the disclosure of that information to

2    Plaintiff.  (*See* Gotlieb Decl. II.)  For this reason, what have proved to be unfounded concerns

3    about revealing the identities of investors and potential investors to Plaintiff do not persuade the

4    Court that this same information should be concealed from the public.

5          On a final note, the Court acknowledges that Plaintiff initially filed its administrative

6    motion to file documents under seal at 5:49 p.m. on October 24, 2014, not on October 28, 2014 as

7    indicated in the Court's previous order.  The Court agrees that an email to defense counsel at 2:42

8    p.m. on the day of the filing gave defense counsel insufficient time to meaningfully comment on

9    Plaintiff's motion.  Nonetheless, Defendant had notice of the motion as early as October 24, 2014,

10    and it still did not act within the 4 days following the filing of the original motion to file under

11    seal, which occurred on October 24, 2014, or the re-filed motion to file under seal, which was

12    docketed on October 28, 2014.  Instead, Defendant waited until November 14, 2014, seven days

13    after the Court's November 7, 2014 order, to file anything concerning the exhibits at issue.  There

14    is no justification for Defendant's failure to act promptly, and Defendant has failed to establish that

15    the designated material is sealable.

16                              **IV.    CONCLUSION**

17          For the reasons set forth above, Defendant's renewed motion is DENIED.

18          **IT IS SO ORDERED**.

19    Dated:  11/20/2014

20

21                              KANDIS A. WESTMORE
                                  United States Magistrate Judge

22

23

24

25

26

27

28