UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINTEREST, INC.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PINTRIPS, INC.,<br><br>　　　　　Defendant. | Case No.  13-cv-04608-RS   (KAW)<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 111 |

　　　　Pinterest moves to file an exhibit relating to its motion for sanctions under seal.  (Pl.'s Mot., Dkt. No. 111.)  It brings the motion because Pintrips has produced the material at issue, which is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," pursuant to the parties' stipulated protective order.  (*Id.* at 1.)  Pintrips has filed a response in support of the motion, which is now ripe for ruling pursuant to Civil Local Rules 79-5(d) and 7-11(c).

　　　　The motion is denied for two reasons.  First, the motion is not "narrowly tailored to seek sealing only of sealable material."  *See* Civil L.R. 79-5(b).  The exhibit Plaintiff seeks to file under seal consists of over 60 Bates-stamped pages.  (*See* Levich Decl., Ex. A, Dkt. No. 111-5.)  Plaintiff's motion, however, only discusses 16 of those pages.[1]  It is thus unclear why, if Plaintiff only wishes to file 16 pages under seal, it has included excess pages in its filing.  Indeed, Plaintiff has failed to specifically cite to any of these Bates-stamped pages in either the reply or declaration submitted in support of the motion for sanctions, the filing to which Plaintiff has appended these documents.  (*See* Pl.'s Reply, Dkt. No. 109; Levich Decl., Dkt. No. 110.)  Moreover, even if the Court were to assume that Plaintiff's motion is limited to only 16 of the dozens of pages it has filed

---

[1] One of those pages, Bates-stamped PINTRIPS_00006997, is listed in the motion but not included in the filing.

with the instant motion, it is not clear that all of those 16 pages should be sealed in their entirety. The motion, therefore, is not narrowly tailored in both of these respects.

The Court's second reason for denying the motion concerns the declaration of Pintrips' CEO, Stephen Gotlieb, which was filed as part of the company's response to the motion. But before discussing the deficiencies in that declaration, the Court must address some of the extraneous material Pintrips' counsel has included in that filing, which must be stricken. The last four paragraphs in "Pintrips, Inc.'s Statement in Support of Pinterest, Inc.'s Administrative Motion to File under Seal" and the "Declaration of Frank L. Berstein in Support of Defendant Pintrips, Inc.'s Statement Supporting Plaintiff Pinterest's Administrative Motion for Leave to File under Seal" describe Pintrips' complaints about certain conduct by Pinterest. (*See* Def.'s Statement, Dkt. No. 113; Berstein Decl., Dkt. No. 113-1.) They do not discuss any of the material Pinterest seeks to file under seal, and consequently, they are hereby stricken as impertinent. *See* Fed. R. Civ. P. 12(f) ("The Court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.).

Setting this impertinent material aside and focusing on Mr. Gotlieb's declaration which Pintrips has filed in support of the instant motion, the Court's finds that the declaration is insufficient to support the sealing of all of the material at issue. (*See* Gotlieb Decl., Dkt. No. 113-7.) For example, Mr. Gotlieb repeatedly asserts that some of "[t]hese documents contain information which Pintrips does not, as a matter of course, disclose outside the company. The company maintains such information confidentially, and keeps it within the company." (*See id.* ¶ 4.) The majority of the documents to which these statements relate, however, contain information that appears to have been pulled from the Internet, links to articles and other websites, or unremarkable email exchanges between Mr. Gotlieb and other individuals. Mr. Gotlieb also states, with respect to another document, that it "contains sensitive information of the company which the company maintains confidentially, and keeps within the company, [but] the information is not a trade secret of the company." (*See id.* ¶ 5.) The document contains information that is available on the Internet. In light of this, Mr. Gotlieb's declaration is insufficient to justify sealing

of all material Pinterest seeks to file under seal.[2]

For these reasons, Pinterest's administrative motion to file under seal is DENIED. Pinterest is on notice that the Court will not consider any of the material included in the exhibit related to the motion for sanctions unless Pinterest files a proper motion to seal that is narrowly tailored by no later than December 5, 2014.[3]  If Pinterest chooses to bring such a motion, it shall identify the specific Bates-numbered pages it seeks to file under seal and its filing shall include only those Bates-numbered pages.

Because, at this time, it is unclear what will be properly before the Court in connection with Pinterest's motion for sanctions, the December 4, 2014 hearing on the motion is continued to December 18, 2014.

**IT IS SO ORDERED**.

Dated:   11/26/2014

KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] At best, the declaration establishes that "the documents bearing production numbers 6760, 6773, and 6886" are sealable as documents containing information that would cause competitive harm if revealed.  *See* Gotlieb Decl. ¶ 7.

[3] This will likely require that the parties meet and confer, as Pinterest must identify what information it wishes to offer in support of its motion for sanctions, and Pintrips must identify what, of that information, it can establish is sealable.