HARVEY SISKIND LLP
LAWRENCE J. SISKIND (SBN 85628)
Email: siskind@harveysiskind.com
DONALD A. THOMPSON (SBN 260076)
Email: dthompson@harveysiskind.com
JANE A. LEVICH (SBN 293299)
Email: jlevich@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Plaintiff
PINTEREST, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINTEREST, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> PINTRIPS, INC., a Delaware corporation, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. C 13-4608 RS KAW <br><br> **PINTEREST'S MOTION TO MODIFY CASE MANAGEMENT SCHEDULING ORDER** <br><br> Hearing Date: January 8, 2015 <br> Time: 1:30 p.m. <br> Courtroom: 3, 17th Floor <br> Judge: Hon. Richard Seeborg |

# NOTICE OF MOTION

Please take notice that at 1:30 p.m. on Thursday January 8, 2015, or as soon thereafter as the matter may be heard, in the Court captioned above, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Pinterest, Inc. ("Pinterest") will, and hereby does, move for a modification of the Case Management Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16-2(d).

# STATEMENT OF THE ISSUES

Pinterest seeks modification of the Case Management Scheduling Order (*See* Dkt. #42), due to deficiencies in interrogatory responses and document productions by Defendant Pintrips, Inc. ("Pintrips").[1] As a result of these deficiencies, Pinterest seeks to reopen fact discovery until February 20, 2015, so that it may secure the following limited, additional discovery without further leave of the Court: (1) testimony and documents from two individuals who were not properly identified in interrogatory responses by Pintrips, namely Josh Schwartzman (its former Co-Founder and first Chief Technology Officer) and Hadar Gotlieb (its current Director of Communications); and (2) testimony from a Rule 30(b)(6) nominee and documents from internet service providers about collection and preservation efforts with respect to documents that have not been produced by Pintrips, namely documents stored in Google Drive and "private emails" among Pintrips executives.[2]

The requested modification is not expected to affect any deadline except the close of fact discovery. On November 11, 2014 and December 3, 2014, Pintrips respectively expressed by email and confirmed by phone that it would not stipulate to such a modification. Declaration of Donald A. Thompson in Support of Motion to Modify Case Management Scheduling Order ("Thompson Decl.") ¶ 35, Exh. S.

---

[1] This would be the second modification of the Case Management Scheduling Order. The Court previously extended various expert discovery deadlines pursuant to stipulation for the convenience of lay witnesses. *See* Dkt. #99.

[2] Pinterest has taken eight depositions to date. Pinterest has noticed a ninth deposition, but it has been informed that the witness is unavailable due to illness. *See* Declaration of Donald A. Thompson in Support of Motion to Modify Case Management Scheduling Order ("Thompson Decl.") ¶ 34.

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

As explained below, this motion arises because of deficiencies in Pintrips's interrogatory responses and document productions which have precluded necessary and appropriate follow-up discovery by Pinterest.

### A. Deficiencies in Pintrips's Interrogatory Responses

Pinterest needs testimony and documents from individuals who were not properly identified in interrogatory responses by Pintrips, namely Josh Schwartzman (its former Co-Founder and first Chief Technology Officer) and Hadar Gotlieb (its current Director of Communications).

On March 18, 2014, Pinterest served its first and only set of interrogatories in this case. *See* Thompson Decl. ¶ 1, Exh. A. On April 23, 2014, Pintrips served its responses and objections after a consented extension. *Id.* ¶ 2, Exh. B. Ever since, Pinterest has had to chase Pintrips about deficiencies in its interrogatory responses. Pintrips initially frustrated the meet and confer process. *See* Dkt. #48-1. Pintrips later engaged in the meet and confer process without adequately supplementing its interrogatory responses. Counsel have exchanged dozens of letters and emails about Pintrips's interrogatory responses. They have spoken – in person and by phone – many times. *See* Dkt. #102-1. The Court has ordered Pintrips to supplement certain interrogatory responses *twice*. Dkt. #68, #83. Pintrips has regrettably failed to comply, and a motion for sanctions is pending. *See* Dkt. #102, #106, #109.

#### 1. Pintrips's Failure to Identify Josh Schwartzman

By Interrogatory Nos. 9 and 12, Pinterest asked Pintrips to identify each person who participated in its adoption of a PIN button or the PINTRIPS mark. Thompson Decl., ¶¶ 1, 5, 7, Exh. A. Pintrips did not name Josh Schwartzman in response. *Id.*, Exhs. B, C. However, on September 25, 2014, and October 3, 2014, two third-party witnesses testified that Mr. Schwartzman had served as Co-Founder and Chief Technology Officer of Pintrips when it developed a website bearing a PIN button and the PINTRIPS mark. *Id.* ¶¶ 8-9, Exhs. E-F. Pinterest did not have enough time at this point – barely one week from the fact discovery cutoff – to serve and enforce a subpoena on Mr.

-2-

Schwartzman. Moreover, Pintrips claimed ignorance about his significance, leaving Pinterest to track him down. *Id.* ¶ 10, Exhs. G-1, G-2. When Pinterest eventually succeeded, Mr. Schwartzman agreed to cooperate voluntarily. He later changed his mind after retaining the same law firm that represents Pintrips. "I won't be sending you any of the information that we discussed," he wrote on November 20, 2014, "as I found out that there was no valid reason for me to have to get involved at this point." *Id.* ¶¶ 11-12, Exhs. H-I. The same people who failed to disclose Mr. Schwartzman before the fact discovery cutoff – Pintrips and its law firm – have apparently convinced him not to cooperate after the fact discovery cutoff.

Pinterest would have subpoenaed Josh Schwartzman for documents and testimony within the fact discovery cutoff if Pintrips had disclosed – as it should have in response to Interrogatory No. 12 – that he participated in its adoption of a PIN button. Indeed, Mr. Schwartzman has confirmed that he designed and developed a website bearing a PIN button and the PINTRIPS mark, but he has not provided documents or testimony on these subjects (or any others). *Id.* ¶ 12. Accordingly, Pinterest requests a modification to the Case Management Scheduling Order so that it can serve and enforce a subpoena for documents and testimony on Mr. Schwartzman.

### 2. Pintrips's Failure to Identify Hadar Gotlieb

By Interrogatory No. 9, Pinterest asked Pintrips to identify each person who participated in its selection of the PINTRIPS mark. *Id.* ¶¶ 1, 5, Exh. A. Pintrips did not name Hadar Gotlieb – its Director of Communications (and the wife of Chief Executive Officer Stephen Gotlieb) – in response. *Id.* ¶ 5, Exh. B, C. However, on October 2, 2014, Stephen Gotlieb testified that Hadar Gotlieb *had* participated in the decision to adopt the PINTRIPS mark. *Id.* ¶ 6, Exhs. D-1, D-2. At this point, on the eve of the fact discovery cutoff, Pinterest did not have enough time to take the deposition of Ms. Gotlieb.

Pinterest would have noticed the deposition of Hadar Gotlieb within the fact discovery cutoff if Pintrips had disclosed – as it should have in response to Interrogatory No. 9 – that she participated in the selection of the PINTRIPS mark. Even though she was not disclosed, Pinterest did attempt to compel the production of documents within her possession, custody, and control. *See* Dkt. #94, #96.

-3-

1  As of November 17, 2014, counsel for Pintrips was still "checking to see if there are any other emails
2  from [Ms. Gotlieb] that might be responsive." No such documents have been produced to date.
3  Thompson Decl. ¶ 33, Exh. S. Accordingly, Pinterest requests a modification to the Case
4  Management Scheduling Order so that it can notice a deposition for testimony and compel the
5  production of documents from Hadar Gotlieb.

### B. Deficiencies in Pintrips's Document Production

On March 18, 2014, Pinterest served its first and only set of requests for production of documents in this case. *Id.* ¶ 13, Exh. J. Although Pintrips served timely responses and objections, it did not produce any material responsive documents (except public documents) until the end of June. *Id.* ¶¶ 14-15, Exh. K. Ever since, Pinterest has had to chase after Pintrips about deficiencies in its document production. For example, on August 1, 2014, counsel for Pinterest sent counsel for Pintrips a letter about deficiencies in Pintrips's document production. *Id.* ¶ 16, Exh. L. Three weeks later, on August 21, 2014, they met and conferred in person about this subject. *Id.* ¶ 18. On September 9, 15, and 24, 2014, counsel for Pinterest sent counsel for Pintrips successive emails about deficiencies in Pintrips's document production. *Id.* ¶¶ 19-22, Exhs. N-Q. On October 10, 2014, they filed a joint letter about this subject. *See* Dkt. #94. However, the Court terminated this joint letter because the parties had failed to jointly attest that they had met and conferred in person or by phone about all of the issues raised therein. *See* Dkt. #96. (Some of the issues had arguably arisen after their in person meeting.)[3] At the same time, the Court encouraged the parties to continue meet and confer. *See* Dkt. #96. They have done so. *See* Thompson Decl. ¶ 24, Exhs. R, S.

### 1. Pintrips's Failure to Produce Documents from "Google Drive"

One issue raised in the joint letter was Pintrips's failure to produce documents stored in Google Drive. *See* Dkt. #94. A number of documents that Pintrips has produced cross-referenced to other documents that it has *not* produced which have been stored in Google Drive. *See* Thompson

---

[3] Counsel for Pintrips took the position that the parties had not met and conferred in person or by phone with respect to certain issues. Counsel for Pinterest considered that these issues had been encompassed within other issues extensively discussed. *See* Thompson Decl. ¶ 23.

-4-

Decl. ¶ 25, Exhs. T-1, T-2. Pintrips must adequately explain why these documents have not been produced, as Pinterest has repeatedly demanded. Counsel for Pintrips conveyed after the discovery cutoff that the documents were privileged because they "related" to this litigation. More recently, counsel for Pintrips conveyed that the documents had been destroyed before this litigation. *Id.* ¶ 27. Neither story appears to be true, particularly since Pintrips finally produced one such document on November 21, 2014. It is not privileged, and it had not been destroyed. *Id.* ¶ 28, Exh. U. It seems that Pintrips is withholding existing documents in Google Drive, or Pintrips destroyed the documents after becoming aware of Pinterest's claims.

In light of Pintrips's failure to produce documents stored in Google Drive – and its conflicting statements on the subject – Pinterest requests a modification to the Case Management Scheduling Order so that it can secure testimony from a Rule 30(b)(6) nominee and documents from Google itself about collection and preservation efforts concerning documents Pintrips stored in Google Drive.

### 2. Pintrips's Failure to Produce "Private Emails"

Another issue raised in the joint letter was Pintrips's failure to produce "private emails" between Chief Executive Officer Stephen Gotlieb and Chief Operations Officer Guy Levy. *See* Dkt. # 94. Pintrips has produced an email from Mr. Levy copying Mr. Gotlieb dated January 23, 2014 with the subject line "Pinterest" which states: "Please note – both Stephen and I are using the [sic] ***private emails*** to chat on this matter." Thompson Decl. ¶ 29, Exh. V (emphasis added). Pintrips has not produced any such "private emails" from January 2014, and it does not appear to have produced any otherwise. Thompson Decl. ¶ 31. Again, it seems that Pintrips is withholding existing "private emails" among its executives, or Pintrips destroyed the emails after becoming aware of Pinterest's claims.

In light of Pintrips's failure to produce "private emails" among its executives, Pinterest requests a modification to the Case Management Scheduling Order so that it can secure testimony from a Rule 30(b)(6) nominee and documents from any pertinent internet service provider about collection and preservation efforts with respect to these "private emails."

## II. ARGUMENT

A scheduling order may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). In evaluating good cause, courts primarily consider the diligence of the moving party and may also "consider the existence or degree of prejudice to the party opposing the modification." *Henderson v. United Student Aid Funds, Inc.*, 13CV1845-L BLM, 2014 WL 4658744, *2 (S.D. Cal. Sept. 17, 2014); *Woodard v. City of Menlo Park*, No. C 09-3331 SBA, 2012 WL 2119278, at *1 (N.D. Cal. June 11, 2012). "When refusal to allow modification might result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than slight inconvenience to the court, modification should be allowed." *Lavin v. United Technologies Corp.*, 2:13-CV-09384-CAS, 2014 WL 4402244 (C.D. Cal. Sept. 5, 2014) (citing *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981)).

Good cause exists to modify the Case Management Scheduling Order because Pinterest has acted diligently throughout this litigation and a modification "serves the interest of justice and the public policy of adjudicating cases on the merits." *See Woodard*, C 09-3331 SBA, 2012 WL 2119278, *1 (re-opening discovery to allow Plaintiff to conduct limited, additional fact discovery and to designate additional experts).

### A. Pinterest Has Diligently Pursued Discovery

In assessing whether there is good cause, courts primarily consider the diligence of the party seeking the amendment and the moving party's reasons for seeking modification. *Id.* (internal quotations omitted); *see also Frisco v. Midland Credit Mgmt. Inc.*, 4:11-CV-3284-YGR KAW, 2012 WL 3011227 (N.D. Cal. July 23, 2012). Diligence for purposes of the good cause standard, does not require the moving party to show that it conducted discovery in the ideal or most efficient manner. *See Frary v. Cnty. of Marin*, 12-CV-03928-MEJ, 2014 WL 2110026 (N.D. Cal. May 20, 2014); *Henderson*, 13CV1845-L BLM, 2014 WL 4658744 (S.D. Cal. Sept. 17, 2014). A moving party only needs to show that the pace with which it proceeded "was not unreasonable." *Henderson*, 13CV1845-L BLM, 2014 WL 4658744.

1    In this case, Pinterest has actively and patiently sought to remedy deficiencies in Pintrips's

2    discovery responses, despite a pattern of evasiveness by Pintrips. Pinterest's efforts are extensively

3    detailed elsewhere. *See* Thompson Decl. ¶¶ 1-33; Dkt. #48-1, #76-1, #103-1.

4    For example, when Pinterest learned less than ten days before the fact discovery cutoff that

5    Pintrips had failed to disclose that Josh Schwartzman had participated in the adoption of a PIN button

6    and the PINTRIPS mark, Pinterest sought his voluntary cooperation after the fact discovery cutoff.

7    Pinterest began searching for him even as Pintrips claimed ignorance of his significance. When

8    Pinterest managed to contact Mr. Schwartzman, he agreed to voluntarily cooperate, until he didn't.

9    *See* Thompson Decl. ¶¶ 11-12. "I won't be sending you any of the information that we discussed," he

10   wrote on November 20, 2014, "as I found out that there was no valid reason for me to have to get

11   involved at this point." *Id.* ¶ 12, Exhs. H, I. Under these circumstances, good cause exists to extend

12   the fact discovery cutoff so that Pinterest can serve and enforce a subpoena on Mr. Schwartzman.

13   When Pinterest learned on the eve of the fact discovery cutoff that Pintrips had failed disclose

14   that Hadar Gotlieb had participated in the selection of the PINTRIPS mark, Pinterest promptly

15   refined a joint letter to compel the production of documents in her possession, custody, and control.

16   *See* Dkt. #94. As of November 17, 2014, counsel for Pintrips was "checking to see if there are any

17   other emails from [Ms. Gotlieb] that might be responsive." *See* Thompson Decl. ¶ 33, Exh. S. No

18   such documents have been produced to date. *Id.* ¶ 33. Under these circumstances, good cause exists

19   to extend the fact discovery cutoff so that Pinterest can take the deposition of Ms. Gotlieb and again

20   attempt to compel the production of her documents.

21   Likewise, good cause exists to extend the fact discovery cutoff so that Pinterest can take

22   discovery about Pintrips's document collection and preservation efforts with respect to "private

23   emails" among its executives and documents stored in Google Drive, particularly since Pintrips has

24   offered inconsistent and incredible stories about the existence, preservation, and privilege status of

25   such documents. *See* Thompson Decl. ¶ 27, Exh. S.

### B. Modification Serves the Interest of Justice and Will Not Prejudice Pintrips

Courts also consider whether injustice will result from refusal to allow modification of a scheduling order. "Where . . . the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981)); *Lavin v. United Technologies Corp.*, 2:13-CV-09384-CAS, 2014 WL 4402244 (C.D. Cal. Sept. 5, 2014). In fact, at least one court found lack of prejudice to the nonmoving party a sufficient basis for modification. *See Primerica Life Ins. Co. v. Rodriguez*, No. CV 11-7074 CAS PLAX, 2012 WL 893486, at *4 (C.D. Cal. Mar. 14, 2012).

Like the defendant in *Woodard v. City of Menlo Park*, Pintrips will not be prejudiced by additional, limited discovery. In *Woodard*, the Court granted Plaintiff's motion under Rule 16 to reopen discovery because the modification would "not cause Defendant to suffer undue prejudice or impact the orderly and efficient resolution of [the] case." *Woodard v. City of Menlo Park*, No. C 09-3331 SBA, 2012 WL 2119278, at *2 (N.D. Cal. June 11, 2012). The Court noted that although Defendant would incur increased litigation costs as a result of the modification to the Scheduling Order, "any prejudice suffered by Defendant in this regard is substantially outweighed by Plaintiff's need to engage in discovery to adequately prepare for trial." *Woodard v. City of Menlo Park*, No. C 09-3331 SBA, 2012 WL 2119278, at *2 (N.D. Cal. June 11, 2012).

Here, Pintrips will not be prejudiced by reopening fact discovery for specified limited purposes because it has been on notice since March 18, 2014 – the date when Pinterest first served discovery requests – that Pinterest sought various responsive documents, as well as information from any party that participated in the decision to adopt the PINTRIPS mark and PIN button. *See* Thompson Decl. ¶¶ 1, 13, Exhs. A, J. Moreover, even if reopening discovery will cause Defendant to incur additional legal fees, a relatively small monetary inconvenience to Defendant will be substantially outweighed by Pinterest's need to obtain evidence and to adequately prepare for trial.

### III. CONCLUSION

For the foregoing reasons, Pinterest requests that the Court reopen fact discovery until February 20, 2015, so that Pinterest may secure the following limited, additional discovery without further leave of the Court: (1) testimony and documents from two individuals who were not properly identified in interrogatory responses by Pintrips, namely Josh Schwartzman (its former Co-Founder and first Chief Technological Officer) and Hadar Gotlieb (its current Director of Communications); and (2) testimony from a Rule 30(b)(6) nominee and documents from internet service providers about collection and preservation efforts with respect to documents that have not been produced by Pintrips, namely documents stored in Google Drive and "private emails" among Pintrips executives.

Dated: December 4, 2014                    Respectfully submitted,


                                           HARVEY SISKIND LLP
                                           LAWRENCE J. SISKIND
                                           DONALD A. THOMPSON
                                           JANE A. LEVICH


                                           By:       /s/
                                                 Donald A. Thompson

                                           Attorneys for Plaintiff
                                           PINTEREST, INC.