UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINTEREST, INC.,<br>   Plaintiff,<br>  v.<br>PINTRIPS, INC.,<br>   Defendant. | Case No.  13-cv-04608-RS   (KAW)<br><br>**ORDER DENYING MOTION TO FILE UNDER SEAL**<br>Re: Dkt. No. 118 |

Pinterest has filed a motion to file certain exhibits relating to its motion for sanctions under seal.  Pintrips has filed a response to the motion and offers the declaration of its founder and CEO, Stephen Gotlieb, in support.

In this case, the Court has already issued three orders on previous motions to file documents under seal, *see* Dkt. Nos. 104, 112, 114.  In its most recent order, the Court denied Pinterest's earlier iteration of its current motion because (1) it was not narrowly tailored to seek sealing of only sealable material, and (2) Pintrips had not filed a declaration sufficient to support the sealing of all of the material at issue.  (Nov. 26, 2014 Order at 1, 2, Dkt. No. 114.)  The Court also put Pinterest "on notice that the Court will not consider any of the material included in the exhibit related to the motion for sanctions unless Pinterest files a proper motion to seal that is narrowly tailored by no later than December 5, 2014."  (*Id.* at 3.)  The Court also explained that "[t]his w[ould] likely require that the parties meet and confer, as Pinterest must identify what information it wishes to offer in support of its motion for sanctions, and Pintrips must identify what, of that information, it can establish is sealable." (*Id.* at 3.)

The instant motion is not narrowly tailored to seek sealing of only sealable material and thus does not comply with this Court's prior order. (*See* Pl.'s Mot., Dkt. No. 118.)  In fact, the

1  declaration Pintrips has submitted in response to the instant motion shows that sealing all of the
2  exhibits in their entirety is not necessary.  For example, Mr. Gotlieb repeatedly declares that it is
3  not the content of certain publicly-available information appearing in the exhibits, but the
4  company's internal communications with respect to it, that he considers confidential.  *See, e.g.,*
5  Gotlieb Decl. ¶ 5, Dkt. No. 120-1 ("The document, which is an email chain among confidants of
6  our small closely-held start-up company and me, contains a link to a publicly available article.  It
7  is the selection of that article, and internal discussion of that article, reflected in the document, that
8  the company considers to be Confidential.").  This is why Pinterest's motion, which seeks to seal
9  these types of exhibits in their entirety, including the publicly-available information contained
10 within them, is not narrowly tailored.

11 Moreover, while the parties represent that they met and conferred, it is clear that they did
12 not do so for the purpose of preparing a filing that conformed to the requirements the Court has
13 explained at length in its earlier orders.  In fact, Pintrips' counsel states that "[s]ince Pinterest is the
14 party that is citing Pintrips's confidential and highly confidential documents, Pintrips is not able to
15 second-guess Pinterest and suggest that redacted versions of the documents would be sufficient."
16 (Def.'s Response at 3, Dkt. No. 120.)  Pintrips' statement, which also appears in the response to
17 Pinterest's earlier iteration of the instant motion, Dkt. No. 113, demonstrates why the parties
18 should have met and conferred to discuss the documents that Pinterest intended to file under seal
19 and to determine how those documents should be redacted.

20 The Court will not comb through the 60 pages of exhibits to determine what portions, if
21 any, are sealable, and the Court will not consider any of the exhibits sought to be filed under seal.
22 Because the instant motion does not comply with the Court's prior order, it is DENIED.  Future
23 motions that fail to comply with this Court's prior orders will not be considered.

24 **IT IS SO ORDERED**.

25 Dated:  12/15/14

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2